**Shirley NOLAND (Lewis), Appellant,**

v.

**William NOLAND, Respondent.**

No. KCD 27382.

Missouri Court of Appeals,
Kansas City District.

Sept. 2, 1975.

Martin Anderson, Kansas City, for appellant.

Robert F. Sevier, Roger Guy Burnett, Sevier & Burnett, Liberty, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from adverse ruling on motion to modify divorce decree.

A divorce action instituted by William Noland resulted in a decree of divorce to Shirley Noland, now Lewis, October 23, 1970. Custody of their minor daughter, Rebecca Lee Noland, was awarded to Robert Noland and Anna Noland, paternal grandparents of Rebecca Lee Noland. Shirley Noland (Lewis) was awarded custodial rights from 6:00 p. m., Friday, until 6:00 p. m., Sunday of each weekend except the third weekend of each month. Such rights were further conditioned by instructions to the mother to enroll and remain in good standing with Alcoholics Anonymous for a period of two years. William Noland was denied custodial and visitational rights.

On January 31, 1974, Shirley Noland (Lewis) filed her First Amended Motion to Modify Decree, alleging that she had followed the court's instructions; that the paternal grandparents have caused her nervousness with respect to her custodial and

visitational rights, have permitted the father to visit the child, and have refused to cooperate with medical instructions; that she has remarried and can provide parental care for the child; that the best interests of the child would be served by granting sole custody of the child to her.

On February 26, 1974, the father, and the paternal grandparents as intervenors, filed a joint motion in answer to the mother's motion, alleged her continuing unfitness to have custody of the minor child, and prayed that the decree be modified to grant the father a reasonable visitation and to deny the mother all visitation rights and relief.

Trial was accorded on the issues raised by the motions to modify resulting in nearly 400 pages of testimony. The mother testified in support of her alleged changed condition, ability to exercise custody of her child, and failure of the paternal grandparents as custodians of the child. She also adduced testimony from Randall George, her fourteen-year-old son by a former marriage, Thomas Goodner, a private detective, and Marvin Lewis, her present husband. The paternal grandparents testified in support of their motion to modify and to controvert allegations and testimony of the mother. They also adduced testimony from some thirteen neighbors and associates of Mrs. Lewis tending to show continuing problems with respect to her exercise of custodial and visitational rights. Mrs. Lewis testified in rebuttal and also called her sister, Linda Miller, and the paternal grandfather on her rebuttal.

On May 17, 1974, the court made the entry underlying this appeal, pertinent parts of which follow:

"2. * * * Robert Noland and Anna Noland are under the jurisdiction of the Court and, by irrevocable consent and stipulation are subject to the continuing order of the Court. They have, pursuant to the prior orders and decrees of the Court, provided a good and suitable home and surroundings for Rebecca Lee Noland.

"3. * * * First Amended Motion to Modify Decree is overruled.

"4. No party has made requests for findings of facts or conclusions of law and this Entry, accordingly, does not undertake to do so.

* * * * * *

"7. The joint Motion to Modify filed by [William] and Robert Noland and Anna Noland is sustained in part and overruled in part and the prior Decrees and Orders of the Court are modified as follows:

"(a) The paternal grandparents, ROBERT NOLAND and ANNA NOLAND, are granted the care, custody, and control of REBECCA LEE NOLAND. This custody order is subject, however, to the following provisions.

"(b) All provisions for visitation by [Shirley Noland (Lewis)] are absolutely contingent and conditioned upon her sobriety and abstinence from all alcoholic beverages, before, during and to the conclusion of such visitation. Subject to the foregoing, [she] is granted the following and only the following right of visitation on the 2nd Saturday of each month from 9:30 a. m. to 5:00 p. m. unless such Saturday falls on Christmas Day. Such visitation, however, is to be in the home of [her] sister, Linda Miller. In this regard, the Court takes notice that Linda Miller has consented to be involved in Respondent's visitation with her daughter in this manner and to make her home available for such purpose. It is ordered that if this visitation becomes impossible, in the manner prescribed, for any reason, that the Court be duly notified for further action. The court has been advised that until August, 1974, it may be necessary to substitute a Saturday to allow for Linda Miller's work schedule. The court approves such substitutions and orders that they be agreed between the Nolands and the Millers.

"(c) [William Noland] is granted the right of reasonable visitation with his daughter, REBECCA LEE NOLAND, at the home of the custodial, paternal grand-

parents, ROBERT NOLAND and ANNA NOLAND.

"(d) Judgment is awarded against [William Noland] in the sum of Thirty Dollars ($30.00) per week * * * to pay said sum to the Circuit Clerk of Clay County, Missouri. First payment is due and payable on the 24th day of May, 1974 and on the same day of each week, thereafter, until further order of the Court. The Clerk is then ordered to distribute the said support by paying the same to Bob Noland and Anna Noland, Trustees for Rebecca Lee Noland * *."

This matter is for review upon both the law and the evidence with due regard to be given to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01.3(a)(b), V.A.M.R.

■ Appellant contends that the court erred "in not granting * * * the natural mother greater custodial rights in the minor child * * * but instead further restricted her custodial rights in a punitive manner since the Court made no finding that appellant is an unfit or debased parent; or that the child would be harmed by such visitation, or that it is to the best interest of the child not to see or be with her natural mother."

This point presents first a complaint of failure of the court to make findings with respect to whether the mother is an unfit or debased parent, whether the child would be harmed by increased visitational right in the mother, and whether it is to the best interests of the child not to see or be with her mother.

As noted by the trial court in its entry, none of the parties asked for special findings, in which case none was required and all fact issues upon which no specific findings are made are considered found in accordance with the result. Rule 73.01.1(b), V.A.M.R.; *McCullough v. Newton*, 348 S.W.2d 138 (Mo.1961).

■ Appellant's point presents second a charge that the court further improperly

restricted the mother's custodial rights "in a punitive manner." See *Schumm v. Schumm*, 223 S.W.2d 122, 125 (Mo.App. 1949).

There is nothing in the record or the court's order to suggest punitive action on the part of the court. Appellant makes no complaint of the sufficiency of evidence to support the entry; the testimony was in direct conflict on all issues for the court's resolution, and the whole record is a classic case for this court to defer to the opportunity of the trial court to make credibility determinations.

■ In these circumstances, the trial court appears to have given the required paramount consideration to the welfare of the child. See *J.L.W. v. D.C.W.*, 519 S.W.2d 724 (Mo.App.1975); *Graves v. Wooden*, 291 S.W.2d 665 (Mo.App.1956). This record does not dictate a contrary result.

Judgment affirmed.

All concur.