**Larry G. SMITH, Appellant,**

v.

**Joan E. SMITH, Respondent.**

**No. KCD 27785.**

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

Charles C. Shafer, Jr., Kansas City, for appellant.

P. Wayne Kuhlman, Liberty, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PRITCHARD, Chief Judge.

In this dissolution case, appellant by Point I contends that the trial court abused its discretion in its division of property under § 452.330, RSMo Supp.1974, in these respects: "(1) By failing to make proper and sufficient findings in accord with the statutory guidelines of V.A.M.S. 452.330(1); (2) By placing undue reliance on questions of marital fault and misconduct, and (3) By unjustly balancing the equities so in favor of wife as to severely overburden the economic stability of husband."

As to the failure of the trial court to make findings of fact, no request for same were here made. *Stark v. Stark,* 539 S.W.2d 779 (Mo.App.1976), a case in the same posture, controls. There neither party made request for findings of fact and conclusions of law and the court said that although they were of aid in appellate review, they were not required by Rule 73.-01(2) in absence of a request for them. The court said also the requirement of § 452.330 that the court consider all relevant factors in making allocation of marital property did not require a statement of reason for the adjudication. The court said further, citing *Noland v. Noland,* 527 S.W.2d 696, 698[1] (Mo.App.1975), that, in any event, all fact issues are deemed found in accordance with the result reached.

As to the consideration of marital misconduct [it is not necessary to set forth that misconduct], § 452.330(4) provides that it be considered as a relevant factor. *Con-*

rad v. Bowers, 533 S.W.2d 614, 620[5–6] (Mo.App.1975), held that the statute required the court to consider as a relevant factor both good conduct and marital misconduct, and it is not limited to conduct relating to financial misdeeds. Cases and authority cited by appellant from other jurisdictions are thus not controlling.

In dissolving the marriage, the trial court awarded custody of the minor daughter to respondent with a grant of visitation rights to appellant, and ordered him to pay $165.00 per month child support; awarded respondent the family home [$10,000.00 equity with $24,500.00 mortgage requiring payments of $255.00 per month, and furnishings (valued by respondent at $1,200.00 cost, and by appellant $5,000.00 replacement value)], she to assume all encumbrances on the property. Respondent was given a 1965 Chevrolet and appellant was given a 1972 Chevrolet with an encumbrance upon it. Appellant was ordered to pay respondent's attorney fee of $500.00, and a further fee of $300.00 for this appeal. About $2,000.00 was owed by the parties to TWA credit union, payments thereon being deducted from appellant's pay. After the separation in 1974, respondent paid the home loan payments of $255.00 per month, the personal property tax, and other sundry accounts. No maintenance was awarded.

At the time of trial, respondent was earning $405.00 per month and expected a 25.00 per month increase. She had received $1,109.00 tax refund which she placed in the parties joint account. Appellant was receiving $1,240.00 per month (as admitted by him in his brief) and was allowed travelling expenses. He was obligated to pay $80.00 every two weeks for child support from a previous marriage.

■ It is apparent that the husband will have available for his needs a net of about $915.00 per month as compared to $430.00 for the wife, the child support being an additional $165.00 to her. The division of the property is not disparate considering all the relevant factors under § 452.330, including the desirability of awarding the family home to the spouse having the custo-

dy of the minor child. The court is not required to make an equal division of the property which is especially true where the other spouse has been engaged in marital misconduct. In re Marriage of Powers, 527 S.W.2d 949, 957[15] (Mo.App.1975); Conrad v. Bowers, supra, at page 620[7]. Considering the entire record and the briefs of the parties, this court is far from convinced that the judgment is against the weight of the evidence or that it erroneously declares or applies the law. There is no firm belief that the judgment is wrong. Murphy v. Carron, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

■ Appellant's Point II is that "The trial court exceeded its discretion under V.A.M.S. 452.355 in awarding wife an additional $300.00 in attorney's fees on appeal." The point does not comply with Rule 84.04(d) in that it does not state wherein and why this ruling is claimed to be erroneous. It will not be noticed.

The judgment is affirmed.

. All concur.