Sylvia J. CROCKETT,
Plaintiff-Respondent,

v.

Ivory Lee CROCKETT,
Defendant-Appellant.

No. 41889.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1982.

David R. Hess, Clayton, for defendant-appellant.

Donald Singer, Clayton, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Husband appeals from certain provisions of the trial court's decree in a dissolution of marriage proceeding and from the denial of a motion for new trial. A recitation of how the marriage fared, financially and otherwise, is unnecessary. The specific item in the decree that is challenged by husband is the trial court's award to wife of $350 per month in maintenance with no time set for termination of maintenance. We affirm.

The case was tried before Judge Orville Richardson, and on May 25, 1979, the cause was taken as submitted. On June 1, 1979, Judge Richardson rendered a decree dissolving the marriage and determining child custody, child support, and maintenance. Neither party requested findings of fact and none were entered. Thereafter, husband filed a timely motion for new trial, alleging various errors by the trial court. At the beginning of the trial, the judge had observed to counsel that he intended to retire on June 26, 1979. He did in fact retire prior to July 12, 1979, when a successor judge, Richard F. Provaznik, heard the motion for new trial and overruled it.

Resolution of the first point on appeal turns on how Rule 79.01 applies to this case. Rule 79.01 reads as follows:

1. Hereinafter a Missouri Rule of Civil Procedure will be called a "Rule" and a Federal Rule of Civil Procedure will be called a "Federal Rule."

"If by reason of his going out of office, death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules *after a verdict is returned or findings of fact are filed*, then any other judge sitting in or assigned to the court in which the action was tried may perform those duties; but *if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.*" (Emphasis added.)

Husband argues that a new trial is required in this case under Rule 79.01.[1] He asserts that it was an abuse of discretion for the successor judge to deny the motion for new trial inasmuch as he had not heard the evidence and did not have the benefit of findings of fact by the judge who did. Appellant contends that the rule gives the successor judge the discretion to deny the motion only "after a verdict is returned" by a jury "or findings of fact are filed." In support of this narrow interpretation of Rule 79.01, appellant cites us to Federal Rule 63, as well as cases and authorities which hold that a new trial is required if the original judge cannot perform his duties after the trial has been completed but before he has filed his findings. See *Arrow-Hart, Inc. v. Philip Carey Co.*, 552 F.2d 711, 713 (6th Cir. 1977); *Bromberg v. Moul*, 275 F.2d 574, 576 (2d Cir. 1960); *Brennan v. Grisso*, 198 F.2d 532 (D.C.Cir.1952); 11 Wright & Miller, Federal Practice & Procedure 340 (5th ed. 1973).

Federal Rule 63, is indeed, very similar to Rule 79.01. It does not follow, however, that a result similar to that found in the federal authorities must obtain here. Federal Rule 52(a) mandates that in all bench-tried federal cases, "the court *shall* find the facts specially and state separately its conclusions of law thereon . . . ," whether or not requested. (Emphasis added.) Under Rule 73.01–1(b)[2] findings by the trial court are

2. Now numbered 73.01(a)(2).

required only when requested by counsel. As noted, no such request was made in this case. The rule also provides that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." The following passage from *Smith v. Smith*, 552 S.W.2d 321, 322[1] (Mo. App.1977) illuminates this portion of the rule:

"As to the failure of the trial court to make findings of fact, no request for same were here made. *Stark v. Stark*, 539 S.W.2d 779 (Mo.App.1976), a case in the same posture, controls. There neither party made request for findings of fact and conclusions of law and the court said that although they were of aid in appellate review, they were not required by Rule 73.01(2) in absence of a request for them. The court said also the requirement of § 452.330 that the court consider all relevant factors in making allocation of marital property did not require a statement of reason for the adjudication. The court said further, citing *Noland v. Noland*, 527 S.W.2d 696, 698[1] (Mo.App. 1975), that, in any event, all fact issues are deemed found in accordance with the result reached."

When confronted with a question nearly identical to the one presented by this case, the Arizona Supreme Court reached a conclusion based on reasoning that we find persuasive. In *Silva v. DeMund*, 81 Ariz. 47, 299 P.2d 638 (1956) a judge had retired after a bench trial without entering findings of fact, which were not required unless requested by a party. Before retiring, the judge rendered a "purported judgment." The successor judge denied a motion for a new trial and entered a "valid judgment." On appeal, the Arizona Supreme Court upheld the new judge's action. Arizona had a rule in force identical to Federal Rule 63. The court observed as follows:

"The trial judge under the federal rules in cases without a jury is required to find the facts specially and expressly state his conclusions of law. Rule 52(a) Federal Rules of Civil Procedure. *In our state courts the trial judge is not required to specially find facts or state expressly his conclusions of law unless request is made therefor. . . . When no request is made for such findings or conclusions, this court must assume [that] the trial court found every controverted issue of fact necessary to sustain the judgment. . . . "* [Citations omitted.] 299 P.2d at 640. [Emphasis added.]

The court's view was essentially that the preliminary judgment of the trial court constituted an implicit finding of the facts necessary to support that judgment. Id. at 641. These implicit findings, in the court's view, satisfied the requirement of the Arizona version of Rule 63 that findings of fact must have been filed before the granting of a new trial becomes discretionary, rather than mandatory, for the successor judge. We are inclined to take the same view in addressing the case before us.

■ In the instant case, we hold that the successor judge was not required to order a new trial when the judge who heard the case retired. Moreover, having the record and the decree before him, he did not abuse his discretion in denying the motion for new trial.

■ Husband also appeals the maintenance award. A review of the record leads us to conclude that the court's order is supported by substantial evidence and is not against the weight of the evidence. Neither does it erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Kirk v. Kirk*, 598 S.W.2d 153, 156 (Mo.App.1980). Extending this opinion would have no precedential value. See Rule 84.16(b).

The judgment of the trial court is affirmed.

DOWD and STEWART, JJ., concur.