**FOUR SEASONS LAKESITES PROPERTY OWNERS ASSOCIATION, INC., Plaintiff–Respondent,**

v.

**Larry E. DUNGAN and Judy A. Dungan, Defendants–Appellants.**

**No. 16112.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 15, 1989.

Charles E. McElyea, Phillips, McElyea, Walker & Carpenter P.C., Camdenton, for plaintiff-respondent.

Elvin S. Douglas, Jr., Crouch, Spangler & Douglas, Harrisonville, for defendants-appellants.

GREENE, Judge.

This case involves an appeal from a judgment granting a permanent injunction prohibiting defendants from constructing and maintaining a retaining wall and driveway within a certain area on their lot in a Camden County subdivision. We dismiss the appeal as premature, and remand the case to the trial court for further proceedings consistent with this opinion.

Plaintiff, Four Seasons Lakesites Property Owners Association, Inc. (Four Seasons), is a property owners' association respon-sible for the enforcement of restrictive covenants governing the construction and maintenance of dwellings and other structures located on real estate in a development known as Four Seasons Country Club Shores in the Horseshoe Bend area of the Lake of the Ozarks in Camden County, Missouri. One of the subdivisions in that development is known as Imperial Point. Defendants, Larry E. Dungan and his wife, Judy A. Dungan, reside in Fulton, Missouri. They invest in the construction and sale of what are called "spec" homes. Six of these homes had been built in the lake area, with two of the homes being built in Four Seasons subdivisions that are covered by the restrictions in question. The home involved in this dispute is located on Lot 53 in the Imperial Point subdivision. Four Seasons sued the Dungans claiming violation of the restrictive covenants.

Count I of the petition alleged that the Dungans violated the provisions of the restrictive covenants by constructing a six foot high retaining wall and by starting to construct a concrete driveway on the lot without the prior approval of Four Seasons architectural committee, which is required under the terms of the covenants, and by building the wall and starting to build the driveway within ten feet of the side property line of the lot. Count II of the petition, which alleged similar restrictive covenant violations in connection with the building of decks, patios, and porches on the lot, was dismissed before trial. The Dungans filed a counterclaim seeking damages for what they termed were arbitrary and malicious acts by Four Seasons in denying the variances they sought which would have enabled them to construct and maintain the retaining wall, driveway, and other improvements.

After hearing evidence, the trial court, sitting without a jury, entered the following judgment:

Now on this 28th day of June, 1988, the Court takes up for consideration the within cause after heretofore having the matter under advise [sic] and makes the following findings: 1) that Defendants constructed a driveway and retaining wall within ten feet of the side property lines; 2) that the construction of said

driveway and retaining wall within ten feet of the side property lines is in violation of the restrictive covenants governing the property in question; 3) that the restrictive covenants were in existence and of record in the office of the Recorder of Deeds for Camden County, Missouri, at the time the retaining wall and driveway were built within ten feet of the side property lines; 4) Defendants should remove that portion of the wall and driveway that encroach within ten feet of the side property lines; 5) that the issues in Defendants' Counterclaim should be found in favor of Plaintiffs; and 6) that the injunction bond posted by Plaintiff shall be extinguished and the sureties released.

IT IS THEREFORE Ordered, Adjudged and Decreed that Plaintiff have and recover a Judgment against Defendants on Plaintiff's Petition and Defendants are hereby enjoined from building, constructing or maintaining a driveway or retaining wall that encroaches within ten feet of the side property lines and that portion of any existing driveway or retaining wall that does so encroach within ten (10) feet of the side property lines shall be removed by October 10, 1988; that the Court finds in favor of Plaintiff and against Defendants on Defendants' Counterclaim; that the injunction bond posted by Plaintiff be and is hereby discharged and the sureties thereon released and the Circuit Clerk of Camden County, Missouri, is hereby directed to refund the cash bond to Plaintiff; and that the costs of this action are taxed against Defendants.

No findings of fact or conclusions of law were requested by the parties, and none were made. The Dungan's appealed, claiming insufficient evidence to support the judgment, and other points relied on.

▮▮▮▮ Before we determine whether the points relied on on appeal have legal merit, we consider whether the judgment is a final judgment from which an appeal will lie, since absent final judgment, we have no appellate jurisdiction. *Volume Services, Inc. v. C.F. Murphy & Assoc.*, 656 S.W.2d 785, 791 (Mo.App.1983). An essential requirement of a final judgment is that it be sufficiently certain in its terms so that the judgment may be enforced in the manner provided by law. In order to comply with this requirement, the judgment must adjudicate the controversy to a conclusion which permits issuing and processing of executions or other court orders seeking to enforce the judgment, without the need for external proof and another hearing. *Luna v. Grisham*, 620 S.W.2d 427, 428 (Mo.App. 1981). A judgment granting permanent injunctive relief should be in clear, precise and definite terms. *Wyma v. Kauffman*, 665 S.W.2d 82, 84 (Mo.App.1984). The judgment in this case is not. It does not identify the lot in question by number, and does not identify the subdivision in which the lot is located. It does not identify the county and state in which the subdivision is located, although it does say that the restrictive covenants are recorded in Camden County, Missouri, and does not identify the parties by name who are to be bound by the injunction. Since the judgment purportedly restricts the use of real estate, presumably it was meant to bind not only the Dungans, but also future owners of the property. In such cases, the judgment, as in cases where a decree affects the title to real estate, should describe the real estate affected with certainty so as to make it suitable for recording in the real estate records of the county where the real estate is located. *Engelland v. LeBeau*, 680 S.W.2d 435, 437–438 (Mo.App.1984).

The judgment in question is indefinite and vague, and is therefore void. Lacking a final judgment, the appeal is dismissed as premature, and the cause is remanded to the trial court for further proceedings consistent with this opinion, after which a complete and final judgment consistent with this opinion shall be entered, from which appeal will lie. We express no opinion as to the merit, or lack thereof, of the points raised by defendants in this appeal.

CROW, P.J., and PREWITT, J., concur.