**FOUR SEASONS LAKESITES PROPERTY OWNERS ASSOCIATION, INC., Plaintiff–Respondent,**

v.

**Larry E. DUNGAN and Judy A. Dungan, Defendants–Appellants.**

No. 16931.

Missouri Court of Appeals, Southern District, Division One.

Feb. 1, 1991.

Charles E. McElyea and Philip J. Morgan, Phillips, McElyea, Walker & Carpencer, P.C., Camdenton, for plaintiff-respondent.

Elvin S. Douglas, Jr., Crouch, Spangler & Douglas, Harrisonville, for defendants-appellants.

PREWITT, Judge.

The trial judge entered a mandatory injunction requiring defendants to remove a portion of a driveway and retaining wall and prohibited them from maintaining a driveway or retaining wall within ten feet of their property line. Defendants' counterclaim was denied. Defendants appeal.

Review is under Rule 73.01(c). As that rule is interpreted, the judgment is to be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or erroneously applies the law. *Plunkett v. Parkin*, 788 S.W.2d 356, 357 (Mo.App.1990). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.-01(c)(2). The trial judge can disbelieve testimony even when uncontradicted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676, 677 (Mo.App.1989).

As no findings of fact were requested or made, all fact issues shall be considered as *having* been found in accordance with the result reached. Rule 73.01(a)(2); *Nelson v. Baker*, 776 S.W.2d 52, 53 (Mo.App.1989).

This matter was previously here. *Four Seasons Lakesites v. Dungan*, 781 S.W.2d 269 (Mo.App.1989). Following a "judgment" entered by the Honorable Charles V. Barker, Special Judge, defendants appealed and this court determined that the purported judgment "is indefinite and vague, and is therefore void". *Id.* at 271. The appeal was dismissed and the cause remanded to the trial court "for further proceedings consistent with this opinion, after which a complete and final judgment consistent with this opinion shall be entered". *Id.* The mandate instructed the trial court to enter a "complete and final judgment".

Judge Charles V. Barker was the Presiding Judge of the Thirtieth Judicial Circuit who had been transferred to Camden County to hear this matter. He retired on December 31, 1988. Upon remand the Honorable Mary Dickerson, Presiding Judge of the Twenty Sixth Judicial Circuit, which includes Camden County, denied defendants' request for a new trial and entered the judgment appealed from. One of defendants' contentions was that she erred in entering that judgment "without consideration of the record, and without a new trial or rehearing".

Essentially, the question is whether Rule 79.01 applies here. It states:

If by reason of his going out of office, death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact are filed, then any other judge sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

It is obvious from the initial "judgment" that Judge Barker found the issues in favor of plaintiff and as no findings of fact were requested and made, had the "judgment" stood, all fact issues would have

been considered as found in accordance with the result. Rule 73.01(a)(2). *Nelson,* 776 S.W.2d at 53.

*Crockett v. Crockett,* 628 S.W.2d 371, 372–373 (Mo.App.1982), states that Rule 79.01 applies when a judgment is entered, as the entering of such judgment constitutes a finding of all fact issues in accordance with the result reflected in the judgment. *Crockett* did not involve a purported but defective judgment but it relied primarily upon *Silva v. DeMund,* 81 Ariz. 47, 299 P.2d 638 (1956), which involved a "purported judgment". There the successor judge denied a motion for new trial and entered a "valid judgment". Arizona had a rule nearly identical to Rule 79.01. 299 P.2d at 640. Arizona also has a rule that where no findings are made, every controverted issue is assumed to have been found in accordance with the judgment. *Id.* The court stated that the initial judge by his action necessarily found all controverted issues of fact in favor of the plaintiff and concluded that the successor judge had authority to enter a valid judgment. We agree with that reasoning.

It is obvious from the attempted judgment that Judge Barker found the controverted factual issues in favor of plaintiff and that conclusion is mandated by rule. That being so, Rule 79.01 applies, and Judge Dickerson could proceed to enter judgment.

■ Turning to the merits, defendants contend that there was no requirement in the restrictive covenants that improvements such as the driveway and retaining wall be submitted to the architectural committee. The restrictive covenants provide that "[a]ll improvements constructed or placed on any lot must first have the written approval of the Committee." The approval is to be granted only after written application. The covenants also set forth "Grounds for disapproval."

■ A driveway and retaining wall are "improvements". An improvement to realty is "[a] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *State ex rel. Curators of the University of Missouri v. Neill,* 397 S.W.2d 666, 669 (Mo. banc 1966).

Previous to construction of the disputed improvements, defendants did not submit their construction to the architectural committee, although they generally submitted plans for the construction of the residence and other improvements on the lot. After their construction, and after question was raised regarding whether the driveway and retaining wall were proper, approval was sought, but denied.

■ There are other provisions in the covenants that might also prohibit the driveway and retaining wall, but it is unnecessary to determine if they in fact do so. We conclude that approval was required and then consider defendants' contention that approval was unreasonably withheld because the committee acted arbitrarily and capriciously because other homes in the area have similar improvements and because the reason for the denial was complaints of their former adjoining owner. Our duty is to determine if the trial court should have found that the committee members acted unreasonably or arbitrarily in denying approval of defendants' driveway and retaining wall. *Bennett v. Huwar,* 748 S.W.2d 777, 780 (Mo.App. 1988).

Defendants contend that the neighboring owner, an employee of the developer of the area, objected and that was the sole reason the request was denied. Defendant Larry Dungan testified that he was told by a member of the committee that if he and the neighbor could come to an agreement "we will go along with it." Such restrictions as are in issue here would not be just for the adjoining lot owners' benefit, but for all owners of the property subject to the covenants, but there may be instances where only an adjoining owner was substantially affected and be the only one complaining. That the committee members might have followed an agreement between defendant and the adjoining owner does not mean

that their decision would necessarily have been unreasonable or arbitrary. How it affected or was perceived by the adjoining owner to affect his interest might be a proper consideration for the committee, particularly on an improvement here such as driveway or retaining wall close to the property line. Certainly it affects an adjoining owner more than it does owners several houses or blocks away.

The record indicates that the present adjoining property owner has no complaint, but does not establish that a prior owner whether or not connected with the development company might not have done so nor that such complaint would not have been considered. If someone else owned the adjoining lot they might have complained and the complaint might have been considered the same as the developers' employee.

■ Each piece of real property is necessarily different, if not unique. Similar improvements allowed on other lots would not establish that it was unreasonable to deny such improvements to the lot in question. Judge Barker heard the evidence and observed the witness, and we cannot say that the committee's action was unreasonable or arbitrary as a matter of law.

Defendants' contention regarding their counterclaim is premised upon the assertion that the trial court erred in issuing a temporary restraining order. As we conclude that the trial court properly issued a permanent injunction, that contention necessarily fails. It is unnecessary to decide plaintiff's contention that the claim asserted in the counterclaim was premature.

The judgment is affirmed.

CROW, J., concurs.

MAUS, P.J., concurs in result.