410 P.2d 477

UNION INTERCHANGE, INC., a California corporation, Appellant,

v.

Littleton R. BENTON and Jane Doe Benton [Remola Ann Benton], husband and wife, d. b. a. The Platters, Appellees.

No. 7709.

Supreme Court of Arizona.

En Banc.

Jan. 27, 1966.

**34**

Robert C. Forquer, Phoenix, for appellant.

O. Ellis Everett, Kingman, for appellees.

UDALL, Justice.

This is an appeal from an order of the Superior Court of Mohave County granting defendant-appellee's motion to dismiss based upon plaintiff-appellant's failure to timely give security for costs as ordered by the trial court.

Plaintiff filed a complaint on June 30, 1961 asserting claims in contract and quantum meruit. Thereafter defendant filed a motion for security for costs which was granted on February 13, 1962 in the amount of $750. Plaintiff was given 15 days to comply with the trial court's order and on March 5, 1962 the trial court dismissed the action for failure to comply within the prescribed period. Plaintiff filed a motion to set aside the order of dismissal which was denied and this appeal followed.

The questions presented for review are whether the trial court failed to take into consideration the effect and intent of, and apply Rule 6(e) of the Arizona Rules of Civil Procedure, 16 A.R.S.; and whether

the trial court abused its discretion inconsistent with Arizona law in not setting aside the dismissal.

Rule 67(d) of the Arizona Rules of Civil Procedure provides:

"At any time before trial of an issue of law or fact, on motion of the defendant, supported by affidavit showing that the plaintiff is a nonresident of the state, or that the plaintiff is not the owner of property within the state out of which the costs could be made by execution sale, the court shall order the plaintiff to give security for the costs of the action. The court shall fix the amount of the security, the time within which it shall be given and it shall be given upon condition that the plaintiff will pay all costs that may be adjudged against him, and authorize judgment against the sureties, if a written undertaking. If the plaintiff fails so to do *within the time fixed by the court,* the court shall order the action dismissed without notice." [Emphasis supplied.]

Plaintiff contends that Rule 6(e), Arizona Rules of Civil Procedure, should be read jointly with Rule 67(d). Rule 6(e) provides:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period."

This Court in the past has stated that "[a]n application for security for costs, being dilatory, is looked upon with disfavor by the courts." Miami Copper Co. v. Strohl, 14 Ariz. 410, 130 P. 605 (1913). This particular question is one of first impression in this Court, and the parties have not cited any cases directly related to the problem; nor have we found by independent research any cases in point.

If both Rule 6(e), and Rule 67(d) are applicable to this procedure, it follows the trial court acted prematurely in granting the motion to dismiss for failure to provide security for the costs of the action. If plaintiff had 18 days to file the security for costs, the last day would have been Saturday, March 3, 1962. Rule 6(a), Ariz. R.Civ.P., as amended, relating to computation of time, provides:

"In computing any period of time prescribed or allowed by these rules, by any local rules, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, *unless it is a Saturday,* a Sunday, or a legal holiday, in which event the period runs until the end of

**36**

the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." [Emphasis supplied.]

Thus, if plaintiff had 18 days to file the security for costs, the last day to so file would have been March 5, 1962, which was the date the trial court entered the order of dismissal.

The history of Rule 67(d) shows that it was a former statute which was incorporated in the Arizona Rules of Civil Procedure. See Arizona Code, § 21–601 (1939); Revised Code Arizona § 3790 (1928); Revised Statutes, §§ 643, 644, 650 (1913); Revised Statutes, §§ 1551, 1552 (1901). Rule 67(d) is substantially the same today as when originally enacted as a statute.

■ We have recognized the purpose of the Rules of Civil Procedure is to obviate delay and administer speedy justice, and to effectuate this object will be construed in a reasonable manner. Kerr-McGee Oil Industries, Inc. v. McCray, 89 Ariz. 307, 361 P.2d 734 (1961). Also, to comply with the purpose of the Rules of Civil Procedure, they should be construed liberally. Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746 (1958). This doctrine must be considered in view of the last sentence of Rule 67(d) which states the

plaintiff must file the security for costs "within the time fixed by the court * *."

■ Under Rule 67(d) the time within which to file the security for costs is fixed by the court as opposed to a period of time specified by the Rules of Civil Procedure. Thus, we are dealing with a particular period of time established by the court which may vary depending upon the court and facts involved as opposed to a fixed, established period that will remain the same from application to application. We do not think it was intended that Rule 6(e) apply in circumstances where the time is established with specificity by the trial court. The plaintiff was ordered to file the security for costs within 15 days which is not the same as an order to act within a period after receipt of notice. Therefore, we find the motion to dismiss for failure to provide security for costs was not premature since the plaintiff did not act within the time period prescribed by the trial court.

■ Nor, do we find an abuse of discretion by the trial judge in not setting aside the dismissal. The court, by Rule 67(d), "shall order the action dismissed without notice" where the plaintiff fails to act within the time allowed. The reason plaintiff did not file the security for costs was that the only person in the corporation who could authorize the expenditure could not be reached. Plaintiff's attorney admits receiving notice and forwarding it to plaintiff. The time within which to file the

security would seem reasonable under the facts, and more than twenty days elapsed from the time the order was entered until the action was dismissed. Plaintiff did not make his motion to set aside the order of dismissal until March 10, 1962. We do not think plaintiff's neglect is excusable under the circumstances, and find no abuse of discretion.

Order affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFAR-LAND, JJ., concurring.