569 P.2d 821

**Larry J. WRIGHT, Appellant,**

v.

**SEARS, ROEBUCK & COMPANY, a New York Corporation; Anna M. Gottschling, et al., Appellees.**

No. 12669.

Supreme Court of Arizona, In Banc.

Sept. 20, 1977.

Shoob & Zalut by Henry L. Zalut, Phoenix, for appellant.

Evans, Kitchel & Jenckes, P. C. by David L. Beaugureau, Phoenix, for appellee, Sears, Roebuck & Co.

GORDON, Justice:

This appeal stems from the trial judge's denial of a motion to set aside a judgment of dismissal and reinstate litigation. We are presented with the issue of whether the trial judge abused his discretion in denying that motion. We take jurisdiction pursuant to 17A A.R.S.Sup.Ct. Rules, rule 47(e).

Appellant Larry J. Wright originally filed suit against Sears, Roebuck & Co. and other defendants in October of 1972. The nature of the underlying cause of action is not germane to this appeal. The complaint did indicate that appellant was, at that time, a resident of Arizona. Appellant subsequently moved and became a resident of Nevada. The briefs deal extensively with the constitutionality of the rule the case was dismissed under, but procedural issues are dispositive of the appeal.

On October 15, 1974, appellee made a motion to the trial court pursuant to 16 A.R.S. Rules of Civil Procedure, rule 67(d), which states:

"At any time before trial of an issue of law or fact, on motion of the defendant, supported by affidavit showing that the plaintiff is a nonresident of the state, or that the plaintiff is not the owner of property within the state out of which the costs could be made by execution sale, the court shall order the plaintiff to give security for the costs of the action. The court shall fix the amount of the security, the time within which it shall be given and it shall be given upon condition that the plaintiff will pay all costs that may be adjudged against him, and authorize judgment against the sureties, if a written undertaking. If the plaintiff fails so to do within the time fixed by the court, the court shall order the action dismissed without notice."

Appellee's motion was supported by affidavit, stating that appellant was not a resident of Arizona.

By minute entry on October 21, 1974, the trial court made the following order:

"IT IS ORDERED that Plaintiff give security for costs in this action in the amount of $250.00 and that such security be posted within three weekdays from personal service or receipt of this Order, all in accordance with formal written Order signed by the Court on this date."

The ordered payment was not made, and appellant neither opposed appellee's motion raising the constitutional issue nor was any extension of time requested. The trial court therefore, on November 15, 1974, ordered dismissal of appellant's case. A minute entry made November 18, 1974 reflected approval of the November 15 order of dismissal.

Appellant posted the security for costs belatedly on November 22, 1974, and on the same day filed with the trial court a Motion to Set Aside Order of Dismissal and Reinstate Litigation, pursuant to 16 A.R.S. Rules of Civil Procedure, rules 60(c)(6) and 67(d). This motion was denied by minute entry on December 17, 1974, with the order of denial filed January 29, 1975.[1]

The memorandum of points and authorities filed in support of appellant's Motion to Set Aside Order of Dismissal and Reinstate Litigation attempted to explain appellant's failure to respond to the trial court's order of October 21, 1974. Appellant's attorney indicated that appellant had been notified of the motion for security that appellee had filed on October 15, 1974. It was alleged that appellant had "intended to be in Phoenix in order to take care of this matter properly." But appellant was unable to come to Phoenix before the November 15 order of dismissal.

Appellant's counsel was notified that attorneys for appellee intended to file the order of dismissal on November 15, and at that time appellant's counsel contacted a bonding representative for an insurance company. It was then discovered that bonds for amounts as small as $250.00 re-

1. On January 30, 1975, appellant filed a notice of appeal. He appealed from the November 15 dismissal of his case and from the January 23, 1975 order denying his motion to set aside the dismissal. The November 15 dismissal was a final appealable order. A.R.S. § 12–2101. Appellant had sixty days to appeal from that judgment. 16 A.R.S. Rules of Civil Procedure, rule 73(b). There is oblique reference to a motion to dismiss appeal of the November 15 dismissal for untimeliness, filed by appellee and denied by the court. Since we must determine whether the record supports the original dismissal in order to judge whether denying the motion to set aside the dismissal was error, the fact that the appeal of the November 15 dismissal was not formally dismissed as untimely has no practical consequence.

quired nearly equivalent collateral. Five days after the case had been dismissed, appellant mailed the $250.00 check which was deposited in court on November 22, 1974.

The memorandum of points and authorities which accompanied appellant's Motion to Set Aside the Order of Dismissal and to Reinstate Litigation relied in part on 16 A.R.S. Rules of Civil Procedure, rule 60(c)(6), which provides that:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * (6) any other reason justifying relief from the operation of the judgment."

It is our task to determine whether rule 60(c)(6) operates to mandate relief from the order of dismissal in this case.

■■■ Two threshold facts must be recognized. First a procedurally proper order of dismissal was entered pursuant to 16 A.R.S. Rules of Civil Procedure, rule 67(d). Second, the standard of review on appeal dictates that the result reached by the trial court be sustained unless the record indicates a clear abuse of discretion occurred. *Eldridge v. Jagger,* 83 Ariz. 150, 317 P.2d 942 (1957); *Modla v. Parker,* 17 Ariz.App. 54, 495 P.2d 494 (1972). Therefore, when the motion to set aside the dismissal was before the trial judge, it was his duty to determine whether 16 A.R.S. Rules of Civil Procedure, rule 60(c)(6) was triggered. It is our duty to determine only that the record sustains the trial judge's ruling.

Appellant presents two justifications for setting aside the judgment of dismissal. One reason was presented to the trial court, the second was raised for the first time on appeal. In the memorandum filed in support of the motion to set aside the dismissal, appellant argued in effect that appellee had not been prejudiced by appellant's belated remittance of the ordered bond. Appellant noted, on the issue of prejudice, that the bond for security for costs was filed one week after dismissal was ordered, that discovery procedures had already been used by both parties, and that two years had

elapsed between the original filing of suit and appellee's motion to the court under rule 67(d).

■■■ The very wording of the statute makes it clear that after issues of law or fact have been determined by the trial court, a motion for security for costs becomes untimely. *Kimball v. Phoenix Newspapers,* 79 Ariz. 322, 289 P.2d 193 (1955). Discovery procedures do not involve such determinations; the motion was not precluded by the fact that discovery had already been made. Furthermore, lack of prejudice alone is insufficient to compel a trial court to set aside a dismissal. 16 A.R.S. Rules of Civil Procedure, rule 60(c)(6) was not adopted to authorize setting aside a valid order dismissing a case where no other justification is demonstrated by the moving party.

Our Court of Appeals discussed the meaning which has been attached to rule 60(c)(6) in *Roll v. Janca,* 22 Ariz.App. 335 at 337, 527 P.2d 294 at 296 (1974):

"Federal cases reveal that relief is given under Clause 6 in those cases in which the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the specific clauses of the rule. The court then considers whether relief under Clause 6 will further justice without affecting substantial rights of the parties. * * * It should be noted that the broad power granted by Clause 6 is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party has a duty to take legal steps to protect his own interests." (Citations omitted.)

The judgment of dismissal rendered in this case was obtained in a procedurally correct manner. Appellant failed to take the legal steps necessary to protect his own interests.

■■■ Our review of appellant's contention is aided by the decision rendered in *Union Interchange, Inc. v. Benton,* 100 Ariz. 33, 410 P.2d 477 (1966). Even though rule 60(c)(6) was not involved, the procedural

setting in *Union* is similar to that before us presently. In *Union*, a suit brought by a California corporation was dismissed under rule 67(d). A motion to set aside that dismissal was denied. On review, this court stated:

"Nor, do we find an abuse of discretion by the trial judge in not setting aside the dismissal. The court, by Rule 67(d), 'shall order the action dismissed without notice' where the plaintiff fails to act within the time allowed. The reason plaintiff did not file the security for costs was that the only person in the corporation who could authorize the expenditure could not be reached. Plaintiff's attorney admits receiving notice and forwarding it to plaintiff. The time within which to file the security would seem reasonable under the facts, and more than twenty days elapsed from the time the order was entered until the action was dismissed. Plaintiff did not make his motion to set aside the order of dismissal until March 10, 1962. We do not think plaintiff's neglect is excusable under the circumstances, and find no abuse of discretion." 100 Ariz. at 36–37, 410 P.2d at 479.

Only in his reply brief does appellant touch on the reasonableness of the *time* allowed by the trial court for remittance of the security. Granted, three days is a short time, but we cannot say it was unreasonably short considering that appellee's motion for security was filed on October 15, 1974, six days before the trial court issued its order. Appellant had notice when the motion was made that rule 67(d) entitled appellee to such an order. Appellant was not given an unreasonable amount of time in which to respond to the order of the court.

■ We note that appellant defends his failure to remit the money ordered on the basis of his alleged indigency. This defense, which was not raised to the trial court, relates to his underlying argument, discussed further on, that 16 A.R.S. Rules

of Civil Procedure, rules 67(d) and (e) unconstitutionally deny non-residents equal protection of the laws by making an exception only for *residents* who cannot give the ordered security.[2]

The appellant was able to post bond and was not discriminated against by Rules 67(d) and (e) of the Rules of Civil Procedure so he is in no position to raise this issue. *Flynn v. Johnson*, 3 Ariz.App. 369, 414 P.2d 757 (1966).

Therefore the order and judgment of the trial court denying appellant's Motion to Set Aside Order of Dismissal and Reinstate Litigation is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, J., and HENRY S. STEVENS, Court of Appeals, Judge, Retired, concur.

Note: HOLOHAN, J., did not participate in the determination of this matter. HENRY S. STEVENS, Court of Appeals, Judge, Retired, was called to participate in the disposition of this matter.

----

---

**2.** "67(e) Inability to give security; proof; objection and examination. If the plaintiff is a bona fide resident of the state and, within five days after the order, makes strict proof of his inability to give the security, the order to give security shall be vacated. The proof may be

made by affidavit, but if objection thereto is made by the defendant, the plaintiff shall submit himself to the court at a time designated by the court, when he shall be examined orally as to his inability to give such security."