600 P.2d 1106

**James E. DESMOND and Pamela K. Desmond, husband and wife, Appellants,**

**v.**

**J. W. HANCOCK ENTERPRISES, INC., dba Camelot Homes, Trevor J. Hancock and Jane Doe Hancock, husband and wife, Appellees.**

**No. 14446.**

Supreme Court of Arizona, En Banc.

Sept. 25, 1979.

Parham & Cox by Ingeborg E. Cox, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl by C. Michael Pierce, Arda S. Rutherford and Amy S. Fisher, Phoenix, for appellees.

HAYS, Justice.

This suit arises out of a demand for specific performance of a contract for the construction and sale of a house. Appellants' case was dismissed at the trial level for failure to timely file an amended complaint. Appellees moved for dismissal of this appeal as untimely but the Court of Appeals denied that motion by written order, August 28, 1978. The order refers to a previous decision of this court but does not explain the applicability of that decision to the particular facts of this case.

In briefs to the Court of Appeals, appellees again urged that the lack of a timely appeal was jurisdictionally fatal to appellants' cause. We have consistently held that failure to appeal timely is a jurisdictional defect. *Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971). Since our jurisdiction in this instance is derivative in nature under Rule 19(e), Arizona Rules of Civil Appellate Procedure, we must establish whether the Court of Appeals properly assumed jurisdiction. For that reason, we shall consider first the timeliness of the appeal and then the timeliness of the amended complaint.

### I. WAS THE APPEAL TIMELY?

For purposes of considering the appeal, we must examine the following chronology:

1. March 2, 1978, judgment of dismissal entered.
2. March 9, motion for relief from judgment of dismissal under Rule 60(c).
3. April 24, order entered denying motion for relief.
4. April 28, motion for clarification and reconsideration of denial of motion for relief, pursuant to Rules 52 and 59, Rules of Civil Procedure.
5. May 17, order denying motion for clarification.
6. June 16, plaintiffs appeal from order of April 24.

The crux of appellants' argument is that, in substance, the motion for clarification and reconsideration, filed April 28, was equivalent to a motion for a new trial and thereby extended the time limits for appeal. Under this rationale, the period for appeal did not begin to run until May 17, when the written order denying the motion for clarification was filed. Consequently, appellants argue, the notice of appeal filed June 16 was timely. Appellants cite *Hegel v. O'Malley Ins. Co., Agents and Brokers*, 117 Ariz. 411, 573 P.2d 485 (1977), as authority for their position.

In opposition, appellees pointed out that *Hegel* requires more than what is contained in appellants' motion for clarification and reconsideration. The essence of our holding in *Hegel* is as follows:

> We hold that irrespective of the title of a motion, if its substance shows clearly that it seeks relief under Rule 59(a) on the grounds set forth in that rule with appropriate reference to the rule as authority for the motion, the motion must be treated as a motion for new trial under Rule 59(a). As thus treated the filing of the motion tolls the running of the appeal time under Rule 73(b).

117 Ariz. at 412, 573 P.2d at 486.

In order for a party to avail himself of this ruling, he must satisfy two requirements: 1) refer to Rule 59 as authority for the motion; 2) describe grounds set forth under that rule.

The "motion for clarification and reconsideration" states that it is brought pursuant to Rules 52 and 59. The Memoran-

dum of Points and Authorities contains the following language:

> In the event the Court's dismissal occurred as a result of the circumstances stated in paragraph 2 [failure to timely amend], then Plaintiffs respectfully request consideration from the Court in light of familiar principals pertaining to judicial indulgence in favor of resolving cases on their merits. Assuming, as Plaintiffs contend, that their amended complaint states valid claims for relief, it is apparent that substantial justice will be served only in the event that this case is reinstated *for trial on the merits*. (Emphasis added.)

Although the motion is not precisely and artfully drawn, we hold that it substantially satisfies the requirements enunciated in *Hegel, supra*. While there is no specific reference to subsection (a), the motion does refer to Rule 59 and the language quoted above clearly alleges that the plaintiffs had been denied a trial on the merits because of the order of dismissal. An order depriving the moving party of a fair trial is one of the grounds for a new trial under Rule 59(a)(1).

Under *Hegel, supra*, a motion for a new trial automatically extends the time for appeal under Arizona Rules of Civil Appellate Procedure, Rule 9(b)(4) [former Rule 73(b), Rules of Civil Procedure]. Consequently, the period did not commence to run until entry of the formal order of May 17 denying the motion for clarification. We conclude, as did the Court of Appeals, that the appeal was timely filed June 16. Accordingly, jurisdiction attached under A.R.S. § 12–120.21 and § 12–2101(F)(1) and we have jurisdiction pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure.

## II. WAS THE AMENDED COMPLAINT FILED ON TIME?

■ For purposes of discussion on this point, we consider the following events:

A. January 17, 1978, appellants file suit for specific performance.

B. January 24, appellees file motion to dismiss under Rule 12(b)(6), Rules of Civil Procedure.

C. February 8, motion to dismiss granted by minute entry, with leave to plaintiffs to amend within 20 days.

D. February 10, copy of minute order granting motion to dismiss mailed to counsel.

E. March 2, judgment of dismissal entered.

F. March 7, plaintiffs-appellants file amended complaint.

Appellants contend that since notice of the minute entry granting the motion to dismiss with leave to plaintiffs to amend within 20 days was mailed on February 10, the first day of the applicable period was February 11 under Rules 6(a) and 5(c) of Civil Procedure. In pertinent part these rules provide as follows:

> 6(a) *Computation.* In computing any period of time prescribed . . . by order of court . . . the day of the act, event or default from which the designated period of time begins to run shall not be included.

> 5(c) *Service; how made.* Service by mail is complete upon mailing.

We agree that the first day to be counted was February 11.

In addition, appellants urge that Rule 6(e) permits five additional days to respond when service is effected by mail:

> 6(e) Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period. *This rule has no application to the mailing of notice of entry of judgment required by Rule 77(g)*. (Emphasis added.)

Thus, construing the foregoing rules together, appellant concludes that he had a total of twenty-five days, commencing from February 11, in which to file the amended complaint and that the amended complaint filed March 7 was timely.

Appellees take the position that our holding in *Union Interchange, Inc. v. Benton*,

100 Ariz. 33, 410 P.2d 477 (1966), is dispositive of the question. That case involved an order of court giving plaintiff—a foreign corporation—fifteen days in which to file security for costs. When plaintiff failed to do so, the case was dismissed. On appeal, plaintiff asserted that his filing would have been timely if there had been allowance for notice by mail pursuant to Rule 6(e) [at that time Rule 6(e) allowed for three additional days]. We made the following observation:

We do not think it was intended that Rule 6(e) apply in circumstances where the time is established with specificity by the trial court. The plaintiff was ordered to file the security for costs within 15 days which is not the same as an order to act within a period after receipt of notice. 100 Ariz. at 36, 410 P.2d at 479.

Since *Union Interchange, supra,* we have amended both 6(e) and 77(g); the amendments became effective on October 1, 1976. Rule 6(e), *supra,* now provides for the addition of five days to the prescribed period when service is made by mail—as in this case. More significant, however, is the specific exclusion of notice of entry of judgment required in 77(g). There was no reference to 77(g) in the previous version of Rule 6(e). Bearing this in mind, we examine the relevant portions of Rule 77(g):

*Minute entries; notice of entry of judgments.* The clerk shall mail copies of all minute entries to all parties. Immediately upon the entry of a *judgment as defined in Rule 54(a),* the clerk shall mail a notice of the entry of judgment . . . in the manner provided for in Rule 5, . . . . (Emphasis added.)

Former 77(g), titled "Notice of orders or judgments," did not distinguish between minute entries and judgments as defined in

Rule 54(a). Obviously not every minute entry order is a judgment under 54(a), which reads, in pertinent part:

*Definition; form.* "Judgment" as used in these Rules includes a decree and *an order from which an appeal lies.* (Emphasis added.)

Consequently, Rule 6(e) does allow an additional five days to reply after service by mail unless the mail notice is an entry of judgment as that term is defined in Rule 54(a), which is incorporated by specific reference in Rule 77(g).

It is clear that the minute entry order of February 8, which was mailed February 10, was not an appealable order under any of the criteria of A.R.S. § 12–2101. Since it was not appealable, it was not a "judgment" within the contemplation of Rule 77(g) or 54(a). Considering that Rule 6(e) excludes only notice of entry of judgment required by Rule 77(g), we hold that appellant did have an additional five days in which to file an amended complaint and that the amended complaint was timely filed on March 7, the twenty-fifth day of the permissible period.

We vacate the order of dismissal and remand to the Superior Court for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., HOLOHAN and GORDON, JJ., concurring.