722 P.2d 376

**Mary McCARTHY, Petitioner,**

v.

**The Honorable Jack ARNOLD, and the Honorable Robert Buchanan, Judges of the Superior Court, In and For the County of Pima,**

**and**

**Guiseppe GUARRASCIO, Real Party in Interest, Respondents.**

**No. 2 CA–SA 0366.**

Court of Appeals of Arizona, Division 2, Department A.

May 15, 1986.

Bury & Moeller by Kevin Miniat, Tucson, for petitioner.

Miller & Pitt, P.C. by Michael D. Stofko, Tucson, for real party in interest.

## OPINION

HATHAWAY, Chief Judge.

The issue presented in this special action is whether the trial court erred in refusing to order an examination of the real party in interest as to his inability to give security for costs pursuant to Rule 67, Rules of Civil Procedure, 16 A.R.S. We accept jurisdiction to correct a plain and obvious error committed by the trial court. See *Amos v. Bowen*, 143 Ariz. 324, 693 P.2d 979 (App. 1984).

The petitioner, McCarthy, is a defendant in a pending superior court action, and the real party in interest, Guarrascio, is the plaintiff. Guarrascio filed his complaint seeking to recover insurance proceeds in the amount of $140,000 for certain items of jewelry which he claims were taken during a theft. Guarrascio does not reside in Arizona, but currently lives in Italy. The subject insurance policy was issued by underwriters at Lloyds of London and defendant McCarthy, doing business as a local insurance agency, assisted Guarrascio in obtaining that policy. Apparently McCarthy's errors and omissions carriers have denied coverage under Guarrascio's lawsuit because Lloyds of London is not among the carriers which McCarthy's errors and omissions policy authorizes her to include in her business. In defense of the action, McCarthy has alleged fraud and denies that the theft occurred.

McCarthy apparently filed a motion for security for costs pursuant to Rule 67(d).[1] By minute entry on September 16, 1985, Judge Buchanan made the following order:

> "IT IS ORDERED defendant McCarthy's Motion for Security for Costs is granted.
> IT IS ORDERED that the plaintiff post security for costs in the amount of $2,000 within thirty days from this date."

On September 19 and 20, 1985, Guarrascio was present in Pima County and his deposition was taken pursuant to the rules of discovery. Thereafter, on September 23, Guarrascio filed a document entitled, "Plaintiff's Proof of Inability to Give Security," to which was appended his affidavit stating that he currently resides in Italy, that he is unable to send money from Italy to the United States, that he does not personally have $2,000 to post as security for costs, and that he has no money or assets in the United States which may be used to post security. McCarthy filed an objection to Guarrascio's claimed inability

---

1. The motion was not provided as part of the record in these special action proceedings.

to post security and requested that he "submit himself to the Court within the time set for posting the bond to be examined orally as to his inability to give security." McCarthy's objection and request were made pursuant to Rule 67(e), which provides as follows:

"If the plaintiff, within five days after the order [requiring him to give security for costs], makes strict proof of his inability to give the security, the order to give security shall be vacated. The proof may be made by affidavit, but if objection thereto is made by the defendant, the plaintiff shall submit himself to the court at a time designated by the court, when he shall be examined orally as to his inability to give such security."

By minute entry dated October 16, 1985, Judge Buchanan ruled as follows:

"The court having considered plaintiff's Proof of Inability and Objections thereto, It is ordered the Court's Order of September 16, 1985, ordering security for costs be vacated."

On October 23, 1985, McCarthy filed a motion requesting that the court designate a time for Guarrascio to appear and submit to an oral examination as to his inability to give security in accordance with Rule 67(e). Judge Arnold, by minute entry dated November 19, 1985, denied McCarthy's motion as follows:

"The court has considered defendant McCarthy's Motion to Order Plaintiff to Submit to in Court Oral Examination. This matter was ruled on by Judge Buchanan on October 16, 1985. The Court has reviewed Rule 67(e) and

CONCLUDES that the defendant McCarthy has waived her right for oral examination by not insisting on same prior to the hearing on October 16, 1985.

IT IS, THEREFORE, ORDERED that the said motion is denied."

McCarthy's motion seeking a reconsideration of that order was argued to Judge Arnold and similarly denied on December 9, 1985, as follows:

"The defendant McCarthy having on September 30, 1985, objected to plaintiff's claimed inability to post bond, and at that time having requested plaintiff to submit himself to the Court within the time period for posting bond under Rule 67(e), and defendant McCarthy having done nothing on that request, and Judge Buchanan having ruled on the 30th day with no time or date set for examination, the Court stands by his original ruling that there was a waiver, and

IT IS ORDERED denying the Motion for Reconsideration."

■ Petitioner argues that once her objection was made pursuant to Rule 67(e), the court was required to designate a time for Guarrascio to appear and answer questions concerning the contents of his affidavit and his ability to post security and that petitioner was not required to further move for such oral examination. We agree.

Rule 67(e) provides that an order to give security shall be vacated if the plaintiff, within five days after the order, makes "strict proof" of his inability to give the security. As quoted above, the rule further provides that such proof may be made by affidavit, as was done in this case. However, if objection to the affidavit is made, the rule requires the plaintiff to submit to the court at a time designated by the court for oral examination as to his inability to give security. Thus, in this case, the order of October 16, 1985, vacating the previous order requiring Guarrascio to post security was error. Rather, the court, upon receiving McCarthy's objection, was required to order that the plaintiff appear before the court for an oral examination regarding his inability to provide security for costs. A defendant who files an objection to the affidavit of the plaintiff pursuant to Rule 67(e), is not required to further notice a hearing or seek by separate motion an order requiring the plaintiff's appearance for examination. Rule 67(e) mandates an order of submission to oral examination if an objection is filed.

Guarrascio implies in his response that McCarthy's objection and request for examination pursuant to Rule 67(e) was made

in bad faith because Guarrascio had already appeared for a deposition. We note that, while the court's order requiring him to post security was entered on September 16, and his deposition took place on September 19 and 20, Guarrascio waited until September 23 to file his affidavit of inability to post security. Guarrascio and/or his attorney apparently waited until his deposition had been terminated and he had returned to Italy to raise his inability to provide security for costs. The subject was not explored at his deposition for that reason. Under these circumstances, we find no grounds to excuse Guarrascio from the clear requirement of Rule 67(e).

 Furthermore, a motion for security for costs becomes untimely only after issues of law or fact have been determined by the trial court. Discovery procedures do not involve such determinations. McCarthy's motion was therefore timely filed. *Wright v. Sears, Roebuck & Co.*, 116 Ariz. 391, 569 P.2d 821 (1977).

Finally, based on the record before us, Guarrascio is not the owner of property within the State of Arizona out of which costs could be recovered. In memoranda filed in the trial court, Guarrascio conceded that he had resided in the United States and Canada until approximately 1980, and that he had again resided in the United States in Tucson, Arizona, in 1983 and 1984. However, in his affidavit, Guarrascio stated that he has no funds or assets in this country. Under the circumstances, an examination pursuant to Rule 67(e) is required to investigate Guarrascio's claimed inability to give security for costs. The trial court's orders dated October 16, 1985, November 19, 1985, and December 9, 1985, are hereby vacated, and the court is instructed to enter such orders as are necessary to comply with Rule 67(e), Rules of Civil Procedure, 16 A.R.S., in a manner consistent with this opinion.

HOWARD, P.J., and FERNANDEZ, J., concur.