372 P.2d 204

**D. H. JACKSON, Appellant,**

v.

**Lloyd CLINTSMAN and T. R. Estes, Appellees.**

No. 6888.

Supreme Court of Arizona.

In Division.

June 13, 1962.

Moore & Moore, Phoenix, for appellant.

Palmer C. Byrne, Prescott, for appellees.

McGUIRE, Superior Court Judge.

This suit was commenced by Lloyd Clintsman and T. R. Estes, appellees, against D. H. Jackson, appellant, and the Octave Gold Mining Corporation to recover wages for services rendered as watchmen at certain mining claims. Appellee Clintsman alleged that he had been employed at a salary of $200 per month, had earned $2,000 (ten months work) and had been paid only $193.75 leaving a balance due of $1,806.25. Appellee Estes alleged that he had also been employed at a salary of $200 per month, had earned $1,700 (eight and one-half months work) and had been paid only $160 leaving a balance due of $1,540.

The appellant, D. H. Jackson, in his answer alleged that he was acting only as an officer and director of the corporation and that he did not assume any personal re-

sponsibility to plaintiffs. Appellant, as a further and separate defense alleged that Clintsman had been paid all sums due him and that Estes had been hired at only $50 per month and not $200 per month, and that he, Estes, had been paid in part for his services. Significantly, however, Jackson did not deny in his answer that Clintsman was to receive $200 per month. The matter was tried before a court without a jury. Judgment was entered in favor of both appellees against Jackson for the full amount prayed for in their complaint. The court further entered a judgment in favor of the Octave Gold Mining Corporation dismissing the complaint.

Although the appellant has made multiple assignments of error in his appeal, the only question in reality presented is whether there is evidence to support the judgment against the appellant and if there is, what should be the amount of the recovery. It is firmly established in this jurisdiction that when the sufficiency of the evidence is questioned on appeal, this Court will examine the record only to determine whether there is substantial evidence to support the action of the court below. Odom v. First National Bank of Arizona, 85 Ariz. 238, 336 P.2d 141; Bank of Arizona v. Harrington, 74 Ariz. 297, 248 P.2d 859.

We have examined the evidence and are of the opinion that substantial evidence was presented which would permit the trial court to find that the appellees were in fact employed by appellant as an individual and that he was liable to them for their wages. It is significant to note that the equities between the appellant, the corporation, and directors were adjudicated in another action. That judgment was affirmed by this Court on appeal. See Jackson v. Robertson, 90 Ariz. 405, 368 P.2d 645.

There is sufficient evidence to justify the trial court in finding that appellee Clintsman was told by Jackson when he was first hired that his wages would be $200 a month. This was substantiated by Robert Smith who was present at the time of the conversation. Though denied by appellant, the denial merely presented a question of fact resolved by the court's judgment in appellee's favor.

However, we are of the opinion that the court below erred in rendering a judgment for Clintsman in the amount of $1,806.25. In arriving at this amount the court deducted $193.75, which appellee received in cash, from the amount of $2,000 that was allegedly earned by him during the period of his employment. In so doing, the court failed to consider the value of groceries, supplies and other payments which Clintsman received during his term of employment toward payment of his salary. An examination of the transcript and exhibits clearly indicates that the total amount

that should have been deducted was $628.69 and not $193.75, this being shown by the undisputed evidence. Accordingly the judgment in favor of Clintsman must be reduced to the sum of $1,371.31.

As to appellee Estes the situation is different. There is evidence sufficient to justify a finding that appellant employed him and was personally liable to him for wages but the record as it now stands does not support the judgment. There was no showing as to what definite amount appellant agreed to pay him or what, if any, specific amount he agreed to pay him as monthly wages. Appellee Estes further failed to show what reasonable pay would be or even enough details of his work to form a basis for an estimate of the value of his services. It appears he received $160 from appellant Jackson and $300 from Robertson and Nierstheimer, business associates of the appellant. On such a record it is impossible to determine what, if anything, is still due him.

The case is remanded to the Superior Court of Yavapai County with instructions to reduce the judgment in favor of appellee Clintsman. The court is further instructed to set aside the judgment in favor of appellee Estes and grant a new trial on his claim.

STRUCKMEYER and JENNINGS, JJ., concur.