393 P.2d 930

**Helen DUNAHAY, a divorced woman, Appellant,**

**v.**

**Frank STRUZIK, Appellee.**

**No. 7161.**

Supreme Court of Arizona.

In Division.

July 8, 1964.

Bayham & Huffsteter, Phoenix, for appellant.

John M. Levy and Emmett R. Feighner, Phoenix, for appellee.

STRUCKMEYER, Justice.

Appellant, Helen Dunahay, brings this appeal from a judgment and verdict in favor of appellee, Frank L. Struzik, based on these facts. In December of 1957, one Overfield sued appellant for damages arising out of Tempe property sold to Overfield by appellant. On February 11, 1958, appellant sold another parcel of real estate, with improvements, a motel, located on 17th Avenue near Buckeye Road in the City of Phoenix, to Larry and Hazel Parker. Under the contract of sale, the Parkers agreed, in writing, to pay $11,151.02 to the appellant as consideration for the appellant's interest in the property.

Later in the month of February, a realtor by the name of Bernhard informed appellee that he had a prospective purchaser for appellee's eight-unit apartment building located on East Osborn Road, Phoenix, Arizona. The sale of appellee's property was to take the form of an exchange of appellant's contract with the Parkers for appellee's interest in the apartment building. On

March 6th, this deal was closed at the Phoenix Title and Trust Company, escrowee.

Appellant, appellee and Bernhard appeared at the closing. Appellee was informed that the existing encumbrances on the motel located on 17th Avenue were greater than had been represented to him and he refused to continue with the exchange. Bernhard then stated that the contract between the Parkers and appellant was a "good" contract. Persuaded by this representation of his agent, appellee decided to continue with the exchange. Appellant did not at any time disclose that she was being sued by Overfield.

One day later, on March 7, 1958, Overfield caused a writ of garnishment to be issued against Parker in his lawsuit against appellant. From that time and continuing to the trial of the present suit, Parker refused to pay either appellant or appellee any money due and owing on his contract. Appellee finally brought this suit against appellant in fraud, alleging that appellant knew that her contract with Parker was not a "good" contract.

■ We find upon review of the foregoing facts that fraud has not been established. Appellee dealt with appellant at arm's length and accepted for his interest in the apartment house a contract, a chose in action payable in the future. It was assignable since it could survive the assignor's

death and become a part of his estate upon which his personal representative could administer. Employers Casualty Co. v. Moore, 60 Ariz. 544, 142 P.2d 414. As such it was a valid legal transaction voidable only for fraud.

Appellant had a right to enter into bona fide business transactions. For the assignment of the contract she received a fair consideration, the apartment house, A.R.S. § 44–1003. The assignment of the contract was not in fraud of creditors, A.R.S. § 44–1041. Appellant's failure to disclose that she was being sued by Overfield did not constitute fraud. While fraud may be committed by the failure to speak, a duty to speak must be imposed. Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870. We hold there is no duty imposed upon one who is engaging in ordinary business transactions to advise those dealing with him that he is suing or being sued on matters arising out of other business dealings. There is no suggestion arising out of the evidence in this case that appellant knew Overfield was preparing to garnish the Parkers. Whether such facts, if established, would constitute actionable fraud is not an issue here and hence we do not determine whether this would be sufficient to place one in appellant's position under an obligation to speak.

■■ Moreover, there was no legal impediment which would prevent appellee from obtaining his money. Overfield's gar-

nishment of Parker could not reach appellee's interest in the contract, A.R.S. § 12–1581, Sandia Development Corporation v. Allen, 86 Ariz. 40, 340 P.2d 193, and appellee's rights could have been enforced simply by having the writ quashed. Had the garnishment been quashed, there would have been no further legal reason why appellee could not have received his *quid pro quo*. We cannot find the slightest suggestion wherein this business transaction is tainted with fraud. Fraud must be established by clear and convincing evidence. Sult v. Bolenbach, 84 Ariz. 351, 327 P.2d 1023, and Honk v. Karlsson, 80 Ariz. 30, 392 P.2d 455.

■ Appellee questions whether this Court can take jurisdiction of the appeal in this case. Apparently appellant filed a motion in the lower court for a new trial after the jury's verdict and before judgment was entered. It is urged that no proper motion for a new trial was filed upon which to predicate an appeal.

Appellee's contention would have been true prior to 1939. Chiricahua Ranches Co. v. State, 44 Ariz. 559, 39 P.2d 640. However in 1939 this Court adopted the present Rules of Civil Procedure. At the time of trial, Rule 59(d), Ariz. Rules Civ.Proc., 16 A.R.S., so far as pertinent here, provided that "A motion for new trial shall be served not later than ten days after entry of the judgment." We construed this rule, in Sadler v. Arizona Flour Mills Co., 58 Ariz. 486,

121 P.2d 412, contrary to appellee's present position and to the effect that a motion for new trial can be granted when filed after verdict and before judgment. No sufficient reason has been advanced why a different interpretation should now be adopted.

Judgment reversed with directions to enter judgment in favor of appellant.

UDALL, C. J., and LOCKWOOD, V. C. J., concur.