573 P.2d 487

**John Carollo ENGINEERS, Appellant,**

v.

**Alfred N. SHARPE, by and through his guardian, Anne M. Sharpe, and Anne M. Sharpe, his wife, Appellees.**

No. 13281–PR.

Supreme Court of Arizona, In Banc.

Dec. 21, 1977.

**414**

Jennings, Strouss & Salmon by William T. Birmingham and M. Byron Lewis, Phoenix, for appellant.

John A. Beaver and Kenneth Rosengren, Phoenix, for appellees.

HOLOHAN, Justice.

Appellee Alfred N. Sharpe, an employee of Bishop Glass Company, brought suit in the Superior Court against several defendants, including appellant John Carollo Engineers, for injuries sustained in a fall while on the premises of the Marathon Steel Company. Carollo Engineers filed a Motion for Summary Judgment. Judge Williby Case granted the motion of Carollo Engineers, and, on January 13, 1977, a written Judgment was filed with a finding pursuant to 16 A.R.S. Rules of Civil Procedure, rule 54(b), that there was no just cause for delay, and that judgment should be entered forthwith for Carollo Engineers.

1. A.R.S. § 12–2101. Judgments and orders which may be appealed.

   .     .     .     .     .

Judge Case resigned from the bench on January 15, 1977. On January 26, 1977, Sharpe filed a Motion for Reconsideration. Subsequently, the case was assigned to Judge James Moeller. Judge Moeller heard the Motion for Reconsideration, and he ruled that the motion was to be treated as a Motion for a New Trial under 16 A.R.S. Rules of Civil Procedure, rule 59(a). As thus treated he granted the motion, vacated the summary judgment and reinstated Carollo Engineers as a party defendant. Thereafter, Carollo Engineers appealed.

On May 19, 1977, the Court of Appeals dismissed appellant's appeal. That court held that while plaintiff's Motion for Reconsideration would be treated as a Rule 59 Motion for a New Trial for the purpose of tolling the appeals time, nevertheless, because in fact there had been no trial below, Carollo Engineers had no statutory right to appeal under A.R.S. § 12–2101(F).[1]

We granted review because we believe that this case requires the resolution of three issues:

1. Whether a successor trial judge can vacate a final judgment made by his predecessor;

2. Whether a Motion for Reconsideration can be treated by the trial court as a motion included under 16 A.R.S. Rules of Civil Procedure, rule 59(a);

3. Whether the vacation of a summary judgment is an appealable order.

Initially, we must determine whether Judge Moeller had the authority to hear plaintiff's motion. Appellant has argued that our holding in *Chanay v. Chittenden*, 115 Ariz. 32, 563 P.2d 287 (1977) is relevant here. In *Chanay*, we criticized the practice of one sitting trial judge redeciding issues dealt with by another sitting trial judge where no additional discovery was had. We believe that *Chanay* is factually distinguishable from the case at bar.

F. From an order:
1. Granting or refusing a new trial, or granting a motion in arrest of judgment.

   .     .     .     .     .

The instant case involves the retirement by resignation of a judge after rendition of a judgment, and the subsequent transfer of the case to a successor for the purpose of hearing post-judgment motions.

We believe that the assignment of the case to Judge Moeller is governed by 16 A.R.S. Rules of Civil Procedure, rule 63, which provides:

Disability of a judge

If by reason of death, sickness, or *other disability*, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these Rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

(Emphasis added.)

This court discussed a similar issue in *Silva v. DeMund*, 81 Ariz. 47, 299 P.2d 638 (1956). There the term of office of the prior judge had expired and his successor ruled on post-judgment motions. This court held that under Rule 63, the successor judge had the authority to hear and rule on the motions. We said that retirement because of expiration of a term of office was included within the "other disability" provision of Rule 63. *Id.* at 49, 299 P.2d 640. *Silva* also points out that the provisions of Rule 63 are satisfied even if there have been no formal written findings filed, because the trial court must be assumed to have found the issues of fact necessary to sustain the judgment. *Id.* at 49–50, 299 P.2d 640.

■ We believe that resignation from the bench is included in the "other disability" provision of Rule 63, just as expiration of term is included. Therefore, pursuant to

Rule 63, Judge Moeller had jurisdiction to consider the motion.

■ Moreover, there was sufficient material in the case file on which the court could reasonably base a decision. It was not an abuse of discretion for Judge Moeller to rule on the motion. *See Daru v. Martin*, 89 Ariz. 373, 378, 363 P.2d 61, 64 (1961).

Judge Moeller's decision to treat plaintiff's Motion for Reconsideration as a Rule 59(a) motion was based on our holding in *Maganas v. Northroup*, 112 Ariz. 46, 537 P.2d 595 (1975). *Maganas* held that a motion for a new trial could be directed against the granting of a summary judgment.

■ We believe that a timely motion for reconsideration filed in an attempt to gain vacation of a summary judgment is not factually distinguishable from a Rule 59(a) motion for a new trial attacking a summary judgment.[2] While style should not control substance, it is nevertheless obvious that proper pleading requires that a motion be labeled in a manner in conformity with the Rules of Civil Procedure. In the instant case, the trial judge determined *sua sponte* that a motion would be treated under Rule 59(a). We hold that such a determination by the trial judge was appropriate and was not an abuse of discretion.

Defendant Carollo Engineers appealed from the written order vacating the judgment of January 13, 1977. As previously noted, the Court of Appeals ruled that vacation of a summary judgment under Rule 59(a) did not result in the granting of a new trial in the sense that that term is used in A.R.S. § 12–2101(F); hence it was not appealable.

Under the circumstances of this case, Carollo Engineers had at one time obtained a judgment made final by the Superior Court by the express findings required by

---

2. Neither motion in effect requests a new trial, since there was no trial originally. The nature of both motions is aimed at a vacation or reconsideration of the adverse judgment. *See*

*Maganas, supra,* and *Hegel v. O'Malley,* 117 Ariz. 411, 573 P.2d 485 (1977).

Rule 54(b).[3] This would have required Sharpe to seek an appeal, had the judgment not been set aside. The subsequent action of the trial court in vacating the judgment deprived Carollo Engineers of a final judgment. While in a strict sense no new trial was granted because there was no trial originally, nevertheless, there was a judicial determination made and an order entered which deprived defendant Carollo Engineers of a substantial right, *i. e.*, a final judgment.

We agree that because there was, strictly speaking, no trial below, it would strain statutory construction to find that appellant's basis for appeal rests on A.R.S. § 12–2101(F). However, we believe that A.R.S. § 12–2101(C), which provides for an appeal from any special order made after final judgment is broad enough to encompass the appeal in this case.

In an analogous situation, this court held that an order which reinstated a case for trial after an order of dismissal was the same as an order vacating the dismissal and appealable as a special order made after judgment. *Young Mines Co., Ltd. v. Blackburn,* 22 Ariz. 199, 196 P. 167 (1921). The court in *Young* reasoned that the vacation of the dismissal was in effect the reversal of a judgment in defendant's favor and had the result of depriving him of a final judgment. Paragraph 1227, subdivision 2, Revised Statutes of 1913, the statute relating to appealable orders which was construed in *Young,* is the predecessor of A.R.S. § 12–2101.

■ We agree with the principle that the appealability of an order "turns on the character of the proceedings which resulted in the order appealed from." *Kemble v. Porter,* 88 Ariz. 417, 419, 357 P.2d 155, 156

(1960); *Glinski v. United States,* 93 F.2d 418, 420 (7th Cir., 1937). Here, the entry by the trial court of a summary judgment for appellant with express findings made under 16 A.R.S. Rules of Civil Procedure, rule 54(b) made that judgment final and appealable. *See Stevens v. Mehagian's Home Furnishings, Inc.,* 90 Ariz. 42, 365 P.2d 208 (1961); *Mageary v. Hoyt,* 91 Ariz. 41, 44, 369 P.2d 662, 664 (1962).

■ Because the granting of plaintiff's Motion for Reconsideration came after the entry of a final judgment and vacated the judgment, it constituted a special order made after judgment which is appealable by statute. *See* A.R.S. § 12–2101(C); *Young Mines Co. v. Blackburn, supra; State v. Birmingham,* 96 Ariz. 109, 392 P.2d 775 (1964).

We hold, therefore, that Carollo Engineers has a statutory right of appeal under A.R.S. § 12–2101(C). The order of the Court of Appeals dismissing the appeal is vacated, and the appeal is reinstated. Since the matter has come before us on review, it appears more efficient for us to retain jurisdiction; therefore we assume jurisdiction of this appeal pursuant to Rule 47(e)(5), Sup. Ct. Rules, 17A A.R.S. The appellant's brief shall be filed within 30 days of the issuance of the mandate in this case.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

---

3. Rule 54(b) provides:

Judgment upon multiple claims or involving multiple parties.

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.