644 P.2d 1309

**FARMERS INSURANCE COMPANY OF ARIZONA, an Arizona corporation, Plaintiff-Appellee,**

v.

**Mark VAGNOZZI, a single man, Defendant-Appellant.**

No. 1 CA–CIV 6012.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 17, 1981.

Review Granted Oct. 27, 1981.

Paul W. Holloway, Phoenix, for plaintiff-appellee.

Hofmann, Salcito, Stevens & Myers, P.A. by Leroy W. Hofmann, Phoenix, for defendant-appellant.

OPINION
and
ORDER

CONTRERAS, Judge.

Appellee's motion to dismiss this appeal raises an important jurisdictional question dealing with the application of appeal-time-extending motions to summary judgments. Because we consider the issues presented in the motion to dismiss to be of significant interest to the trial bench and the practicing bar, we have decided that disposition should be made by a formal opinion.

Appellant Mark Vagnozzi and Eddie Arias were playing basketball on opposing teams in a "three-on-three" game in the Maryvale Recreational Basketball League. The game was, in the vernacular, "physical", and following a blow to his body by Arias, Vagnozzi was thrown down on the concrete court and suffered injuries. Vag-

nozzi brought an action against Arias, who had a "homeowner's package" insurance policy with the appellee, Farmers Insurance Company. Farmers subsequently commenced the instant action against Arias and Vagnozzi seeking a declaratory judgment that its policy did not afford coverage for Vagnozzi's injuries, on the basis that Arias's conduct was intentional, and that it had no duty to defend Arias.

Farmers moved for summary judgment on its complaint. Vagnozzi filed a cross-motion for summary judgment. On November 24, 1980, the trial court heard both motions and by minute entry directed judgment in favor of Farmers. On December 3, 1980, Farmers lodged a formal written judgment with the court. This form of judgment included a provision awarding Farmers attorney's fees. On December 9, 1980, Vagnozzi filed a "motion for rehearing" stating as follows:

COMES NOW Defendant VAGNOZZI and moves the court for re-hearing of Plaintiff's and Defendant's Cross-Motions for Summary Judgment on the grounds that the court's Order granting FARMERS' Motion and denying VAGNOZZI'S Motion demonstrates that the court has been led into error in interpreting the facts before it and the application of the law of Arizona as applies to those facts.

This Motion will be timely supported by supplemental memoranda before oral argument.

Both appellant and Arias had in the meantime filed objections to appellee's form of judgment and also objections to the award of attorney's fees to Farmers.

On January 12, 1981, the trial court by minute entry set oral argument on Vagnozzi's motion for rehearing for February 27, 1981. On February 11, by stipulation of counsel, the matter was presented to the court on that date. The minute entry for the occasion reads as follows:

IT IS ORDERED granting objection of both Defendants to an award of attorney's fees. Plaintiff may submit a new form of judgment deleting reference to attorney's fees and the Defendants have no object[ion] to the form thereof.

IT IS ORDERED granting Defendant Vagnozzi's Motion for Rehearing and pursuant to discussion held thereon,

IT IS ORDERED affirming the Order of November 24, 1980 granting Plaintiff's Motion for Summary Judgment and denying Defendant Vagnozzi's Cross-motion for Summary Judgment.

Farmers lodged a new judgment with the court on February 13, 1981. This judgment was signed and filed with the clerk on February 25, 1981. It did not make any reference to appellant's motion for rehearing or any ruling of the court thereon. On or about March 30, 1981, appellant served on counsel for Farmers a proposed instrument entitled "Formal Order Re Motion for Re-Hearing." It was in essence an order to be signed by the court denying appellant's motion for rehearing filed December 9, 1980.

On March 30, 1981, Farmers filed and served a motion to strike appellant's proposed formal order. Farmers contended that the proposed instrument was a legal superfluity in that, according to Farmers' counsel, the court and all counsel had intended the revised form of judgment to be submitted for signature after the February 11, 1981, hearing to be finally and completely dispositive of all aspects of the litigation. Farmers characterized the proposed "formal order" as merely an attempt to extend the time for filing an appeal.

Appellant filed a response in opposition to Farmers' motion to strike on April 2, 1981. The trial court heard and denied Farmers' motion to strike on April 20, 1981. On April 24, 1981, the trial court filed a revised "Formal Order Re Motion for Re-Hearing" which reads as follows:

Defendant VAGNOZZI's Motion for Rehearing [,] the Plaintiff's Motion for Summary Judgment [,] and Defendant Vagnozzi's Cross-Motion for Summary Judgment having come on regularly for

hearing and the Court having granted rehearing and thereafter by minute order affirmed its order of November 24, 1980, and thereafter Defendant Vagnozzi submitted a "Formal Order Re: Motion for Rehearing" and the Court being of the opinion that the motion for rehearing was a motion for new trial made pursuant to Rule 59 and the grounds stated therein, to wit, that the judgment was not justified by the evidence and was contrary to the law.

IT IS ORDERED, ADJUDGED AND DECREED, denying Defendant Vagnozzi the relief requested in said Motion to-wit; an Order vacating the court's Order granting Plaintiff's Motion for Summary Judgment and denying Defendant VAGNOZZI'S Cross Motion for Summary Judgment and

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED affirming the court's Order of November 24, 1980 granting Plaintiff's Motion for Summary Judgment and denying Defendant VAGNOZZI'S Cross Motion for Summary Judgment.

Appellant filed his notice of appeal on May 7, 1981. A motion to dismiss the appeal, with accompanying legal memorandum, was filed by appellee. Appellant has responded to this motion. As previously stated, the issues presented warrant a formal opinion.

■ Farmers' basic contention is that appellant's notice of appeal was filed too late. The timely filing of a notice of appeal is a jurisdictional prerequisite. *Department of Economic Security v. Hall*, 120 Ariz. 514, 586 P.2d 1326 (App.1978). As component parts of its basic contention, Farmers argues that either appellant's motion for rehearing was not a valid time-extending motion pursuant to Rule 9(b), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.,[1]

or, if it was, it was formally disposed of by the judgment signed by the court on February 25, 1981. More specifically, appellee's contentions are as follows:

(1) The motion for rehearing was not a valid time-extending motion because it was filed prior to the entry of the judgment which it attacked.

(2) The motion was not a valid time-extending motion because it did not expressly refer to Rule 59, Arizona Rules of Civil Procedure, 16 A.R.S.,[2] as its authority.

(3) The motion was effectively denied by the formal written judgment entered February 25.

## PREMATURITY

■ Appellee's initial contention is that the motion for rehearing was invalid as a time-extending motion for the reason that the motion was filed prior to entry of judgment. By the terms of appellate Rule 9(a), a notice of appeal must be filed no later than 30 days after entry of the judgment from which appeal is taken. Appellate Rule 9(b), as amended in 1978, provides in part:

9(b) Extension of Appeal Time. When any of the following motions are timely filed, the time for appeal is extended, and the times set forth in Rule 9(a) shall be computed from the entry of any of the following orders:

. . . .

(4) Denying a motion for new trial pursuant to Ariz.Rules Civ.Proc. 59(a).

. . . .

For the purposes of this subdivision, entry of an order occurs when a signed written order is filed with the clerk of the superior court.

*See also Zoellner v. Zoellner*, 4 Ariz.App. 561, 422 P.2d 392 (1967).

1. Hereinafter referred to as appellate Rule 9.

2. Hereinafter referred to as civil Rule 59. Other specific references to rules of the Arizona

Rules of Civil Procedure are likewise referred to as civil rules.

Civil Rule 59(d), as amended in 1976, provides that a motion for new trial shall be filed "not later than" 15 days after entry of judgment. Appellee has not made us aware of any authority holding that a motion filed prior to entry of judgment is without effect. The issue has been determined contrary to appellee's contention in *Dunahay v. Struzik*, 96 Ariz. 246, 393 P.2d 930 (1964); *Sadler v. Arizona Flour Mills Co.*, 58 Ariz. 486, 121 P.2d 412 (1942); and *Associates Finance Corp. v. Scott*, 3 Ariz.App. 1, 411 P.2d 174 (1966). We believe that these holdings are consistent with both the language of civil Rule 59(d) and the efficient administration of justice. The motion was accordingly not invalid for prematurity.

### WAS THE MOTION FOR REHEARING A VALID CIVIL RULE 59(a) MOTION?

Appellee next contends that appellant's motion for rehearing was invalid as a time-extending motion since the motion made no express reference to civil Rule 59(a) as its authority. In *Maganas v. Northroup*, 112 Ariz. 46, 537 P.2d 595 (1975), our supreme court held that even though there had been no "trial", a civil Rule 59(a)(8) motion for new trial could be directed to a summary judgment rendered pursuant to civil Rule 56. In *Hegel v. O'Malley Ins. Co.*, 117 Ariz. 411, 573 P.2d 485 (1977), the plaintiffs brought a "motion to vacate" a summary judgment. The motion generally referred to civil Rule 59(a) and specifically recited for its bases civil Rule 59(a)(4), (6), and (8). Appellee argued that the motion was not a valid time-extending motion under the predecessor to present appellate Rule 9(b) because it was not styled a motion for new trial. In holding the motion adequate for the purpose, our supreme court stated:

We believe that a logical extension of the holding in *Maganas* is that a motion to vacate a judgment can be considered as a motion for new trial if the motion states that it is brought pursuant to Rule 59(a). The notion that only the title of a motion must be examined appears to be

contrary to the purpose of the Rules of Civil Procedure which is to insure that every action receives a just, speedy and inexpensive determination. Rule 1, Rules of Civil Procedure, 16 A.R.S. It would be the height of formalism to ignore the obvious intent and substance of a motion because it was inappropriately titled.

Counsel, of course, have the obligation and burden of filing properly styled motions which clearly indicate the nature of the relief sought and the appropriate legal references to support the motion. A reading of the motion in question in this case clearly indicates the nature of the relief sought and the appropriate legal reference. The label on the motion has caused the controversy, for it is not the same as those listed in Rule 73(b)(2), Rules of Civil Procedure, 16 A.R.S. which extend the time for perfecting an appeal. If the motion had been labeled as one for a new trial, there would be no issue presented. Such formalism should not be allowed to defeat the just determination of cases on their merits.

We hold that irrespective of the title of a motion, if its substance shows clearly that it seeks relief under Rule 59(a) on the grounds set forth in that rule with appropriate reference to the rule as authority for the motion, the motion must be treated as a motion for new trial under Rule 59(a).

117 Ariz. at 412, 573 P.2d at 486.

The next case in which our supreme court addressed itself to time-extending motions was *Desmond v. J. W. Hancock Enterprises*, 123 Ariz. 474, 600 P.2d 1106 (1979). The relevant facts of *Desmond* are somewhat unusual in that the subject "motion for clarification and reconsideration" was brought subsequent to the denial of a civil Rule 60(c) motion to set aside a judgment of dismissal, rather than from the initial judgment itself. In the course of holding the motion valid as a time-extending motion for new trial pursuant to civil Rule 59(a), our supreme court quoted from the

third paragraph quoted above from its *Hegel* opinion and then stated:

> In order for a party to avail himself of this ruling, he *must* satisfy two requirements: 1) *refer to Rule 59 as authority for the motion* ; 2) describe grounds set forth under that rule.          .

123 Ariz. at 475, 600 P.2d at 1107 (emphasis added).

In the present case, if we stretch a point,[3] it might be said that appellant's motion for rehearing stated, in the most general way, grounds pursuant to civil Rule 59(a)(8), but nowhere in the motion did counsel make any reference to civil Rule 59 as the authority for the motion. The question is, therefore, whether we must give dispositive application to our supreme court's statement in *Desmond* that a valid time-extending motion "must ... refer to Rule 59 as authority for the motion."

Initially, we believe it appropriate to observe that this area of law calls for reformulation of appellate Rule 9(b). There are latent ambiguities inherent in the principle that under our law a "judgment" is not only a plenary adjudication of rights and issues but is also an appealable order, *see* *State v. Birmingham*, 96 Ariz. 109, 392 P.2d 775 (1964), including an order denying a motion for new trial. There is also confusion in the further principle that, as *Desmond* indicates, a motion which is characterized as a motion for new trial can be effectively directed to the denial of a civil Rule 60(c) motion to set aside a judgment. As a practical matter for both the bench and the bar, there appears to be a significant potential for confusion and misunderstanding because of this semantical merry-go-round. The need for clarification is clearly indicated.

■ Returning to the precise question at hand, however, we consider that we have no choice but to apply the requirements for time-extending motions as they have been stated by our supreme court. We are led to this conclusion based upon the fundamental principle that we cannot alter or fail to give effect to the holdings of our supreme court. *McKay v. Industrial Commission*, 103 Ariz. 191, 438 P.2d 757 (1968).

■ In reaching this conclusion, we cannot help but observe that the mainstream logic of the *Hegel* opinion undermines the establishment of an absolute requirement that a post-judgment motion make explicit reference to civil Rule 59 as the source of its authority. We can readily envision a situation in which a practitioner reels off a forceful motion "to vacate" or "for rehearing" or "for reconsideration" focused upon the requirements of civil Rule 59 and the relevant area of substantive law and yet fails to include any explicit reference to civil Rule 59. There is a naturalness about such a situation in that a summary judgment is rendered prior to and dispenses with the necessity of a trial. Given such a situation, "form" clearly governs "substance." We think, however, that our supreme court must be deemed to have been aware of such considerations when it chose in *Desmond* to announce the requirement that there must be an explicit reference to · civil Rule 59. While an argument can be made that the requirement was merely dicta with reference to the established facts in *Desmond*, our supreme court unequivocally set forth specific criteria in a vital area of the adjective law within the scope of its rule-making powers. Under the circumstances, we do not believe that there can be any justification for ignoring its explicitly stated requirement. If we are wrong in our interpretation of the squarely worded criteria in *Desmond*, the matter can and should be clarified by our supreme court.

Appellant has argued that under *Engineers v. Sharpe*, 117 Ariz. 413, 573 P.2d 487 (1977), and *Ray Korte Chevrolet v. Sims,*

---

3. The question of whether the motion was substantively sufficient has not been squarely presented to us, and our opinion is not to be construed as in any sense passing on the matter.

117 Ariz. 202, 571 P.2d 699 (App.1977), the trial judge has discretion to treat his motion as one for a new trial pursuant to civil Rule 59(a) even though it did not meet the requirements stated in *Hegel* and, more particularly, *Desmond.* Bearing in mind that Desmond was decided after both *Engineers* and *Ray Korte*, we cannot give them the reading that appellant does, although the express finding of the trial court here seems to fall squarely within the holding of *Engineers* and neither *Engineers* nor *Ray Korte* has been expressly overruled. Since appellant's motion failed the explicit test of *Desmond*, we feel it could not be saved by the trial court's subsequent action whereby it found the motion for rehearing to be a motion for new trial pursuant to civil Rule 59.

For the reasons previously set forth in this opinion, appellee's motion is granted and the appeal is dismissed.[4]

IT IS SO ORDERED.

OGG and JACOBSON, JJ., concur.

---

**4.** By reason of our disposition based on *Desmond*, it is unnecessary to determine whether appellant's motion for rehearing was effectively denied by the formal written judgment entered on February 25, 1981.