646 P.2d 294

James L. QUINE and Velia M. Quine, his wife, Plaintiffs-Appellees,

v.

Richard C. GODWIN, Defendant-Appellant.

No. 1 CA–CIV 4982.

Court of Appeals of Arizona, Division One, Department B.

March 22, 1982.

---

Kenneth L. Schorr, Community Legal Services, Phoenix, for plaintiffs-appellees.

James L. Quine, Velia M. Quine, plaintiffs-appellees in pro. per.

Behrens, MacLean & Jacques, Ltd., by Cary T. Inabinet, William F. Behrens, for defendant-appellant.

JACOBSON, Presiding Judge.

This appeal raises two issues: (1) whether the appellant's notice of appeal was timely so as to vest jurisdiction in this court, and (2) whether the liability to appellee for unpaid wages was a corporate liability or the personal liability of appellant.

This action was commenced by appellee, James L. Quine, against appellant, Richard C. Godwin, seeking unpaid wages and treble damages. The matter was tried to the court without a jury; Quine acting as his own attorney. The trial court entered judgment in favor of Quine and assessed treble damages pursuant to A.R.S. § 23-355. Godwin has appealed.

While this matter was pending in this court, Quine moved to dismiss the appeal urging that the lack of a timely notice of appeal divested this court of appellate jurisdiction. This motion was denied with leave to raise the issue in the briefs before the court. We now reach the jurisdictional issue.

The procedural time sequence pertinent to this issue is that on February 2, 1979, a minute entry of judgment in favor of Quine was filed. A formal judgment was lodged with the court on February 21, 1979, and on March 6, 1979, Godwin filed a document entitled "Objections to Form of Judgment." On March 26, 1979, the court signed and filed the formal written judgment. On April 4, 1979, Godwin filed a "Supplement to Defendant's Objections to Form of Judgment" and this supplement, together with the "Objections to Form of Judgment" was denied by a minute entry order on May 4, 1979. On May 25, 1979, Godwin filed a document entitled "Motion to Change Title of Defendant's Objections to Form of Judgment" in essence seeking to redesignate the "Objections to Form of Judgment" to be a motion for a new trial. This motion was granted and on June 15, 1979, the court entered a formal written order denying Godwin's now redesignated motion for new trial. Godwin filed his notice of appeal on June 20, 1979.

The sole issue on this jurisdictional question is whether Godwin's "Objections to Form of Judgment" which the trial court specifically treated as a Motion for New Trial is a time extending motion under Rule 9(b)(4), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.[1] Godwin contends it is; Quine contends it is not.

■ At one time Arizona law treated the title of a motion as dispositive of the characterization of that motion and a motion designated in any manner other than by one of the titles listed in Rule 9(b) would not serve to extend the appeal period regardless of the contents of the motion. *Arizona State Liquor Board v. Slonsky*, 106 Ariz. 25, 470 P.2d 106 (1970). The Supreme Court later carved out an exception to the *Slonsky* rule in *Hegel v. O'Malley Ins. Co.*, 117 Ariz. 411, 573 P.2d 485 (1977), later clarified in *Desmond v. J. W. Hancock Enterprises, Inc.*, 123 Ariz. 474, 600 P.2d 1106 (1979).

This exception applies where a motion, though not designated as a motion listed in Appellate Rule 9(b), both cites Rule 59, Arizona Rules of Civil Procedure, 16 A.R.S.,[2] as the basis for the motion, and describes as its basis grounds set forth in Rule 59.

In this case appellant's "Objections to Form of Judgment" state grounds pursuant to Civil Rule 59(a)(8), however, Civil Rule 59 is not mentioned.

In the recently decided case of *Farmers Insurance Company of Arizona v. Vagnozzi*, 644 P.2d 1309 (1981), this court was confronted with essentially the same jurisdictional question as is presented here. In *Vagnozzi*, the appellants attempted to treat a motion for rehearing, requesting the court to vacate its order granting summary judgment, as a valid time-extending motion under Appellate Rule 9(b). The motion arguably stated grounds pursuant to Civil Rule 59(a)(8), but nowhere in the motion did counsel make reference to Civil Rule 59 as the authority for the motion. This court applied *Desmond v. J. W. Hancock Enterprises, supra*, and dismissed the appeal, ruling that a valid time extending motion must refer to Civil Rule 59 as authority for the motion.

The *Vagnozzi* decision has been granted review by the Arizona Supreme Court. This court is of the opinion that any ruling by this court based on that case prior to its ultimate determination would be premature. Therefore, we have accepted jurisdiction of this appeal and will proceed to reach the merits.

We are called upon to determine whether judgment should have been rendered against Godwin, and if so, whether an award to Quine of treble damages for Godwin's failure to pay wages was proper.

The trial of this matter was to the court on February 1, 1979, with Quine in *pro per*, therefore the facts are less thoroughly developed than might otherwise be the case.

---

1. Hereinafter referred to as Appellate Rule 9. Other specific references to rules of the Arizona Rules of Civil Appellate Procedure are likewise referred to as Appellate Rules.

2. Hereinafter referred to as Civil Rule 59. Other specific references to rules of the Arizona Rules of Civil Procedure are likewise referred to as Civil Rules.

Quine was employed by Godwin to perform general maintenance work and some sales work at a subdivision development known as Holiday Harbour in Yuma County, Arizona. Both Quine and Godwin testified that Quine did exactly what Godwin told him to do. Some of the work was maintenance related. However, Quine would also occasionally show the property to potential buyers to keep them on the property until Godwin arrived to finish the sales work. For the sales work, Quine was paid "commissions" of $100 or $200. Quine was paid three dollars per hour for the maintenance work. This lawsuit concerns only the maintenance work performed by Quine; he claims he was never paid for any of this work. Godwin testified that he paid Quine for the work with six or eight checks, however, none of these checks were produced at trial. The trial court held in favor of Quine on the issue of non-payment of wages and Godwin has not questioned this finding on appeal. Similarly, while Godwin contested the number of hours Quine claimed he had worked, the trial court ruled in favor of Quine as to this issue and Godwin has not questioned this finding.

On appeal, Godwin urges that judgment should not have been rendered against him personally, but against Beetex Supply Company, a Texas corporation. Godwin testified that he was employed by Beetex Supply Company as a general manager of the Holiday Harbour Development Project. His claim on appeal is essentially that he was acting on behalf of Beetex in his dealings with Quine and that therefore not he, but Beetex is liable to Quine for unpaid wages.

■ Godwin's defense of corporate liability was not properly raised below and cannot be raised at the appellate stage of this proceeding. Civil Rule 8(d) requires affirmative defenses and avoidances to be raised in an appropriate pleading. The answer filed by Godwin to the complaint in this lawsuit contained general denials of the allegations in the complaint, and the affirmative defenses of (1) failure to state a claim, (2) bar by payment, (3) offset of unspecified long distance telephone bills, and (4) estoppel. Nothing in the answer suggests an avoidance or defense that Quine was actually employed by a corporation, of which Godwin was acting as an agent.

Furthermore, the corporate liability defense was not tried by consent of the parties. It was the trial court which inquired as to whether Godwin had pled the corporate liability defense under Rule 8(d). Godwin's counsel responded that it was not pled, but had been mentioned in a letter from Godwin's counsel to Quine's former counsel.[3] A letter does not qualify as a pleading and therefore the defense was not properly raised for purposes of Civil Rule 8(d).[4]

The only other instance when the corporate liability defense was raised by appellant's counsel occurred during closing argument. The remarks of counsel are not evidence, whether they are made during opening argument, *Walker v. County of Coconino*, 12 Ariz.App. 547, 473 P.2d 472 (1970), or during closing argument, *Elledge v. Brand*, 102 Ariz. 338, 429 P.2d 450 (1967).

■ Subsequent to the conclusion of the trial and issuance of a minute entry decision by the trial court, Godwin filed "Objections to Form of Judgment" and a supplement thereto attempting to bring evidence before the court regarding the liability of Beetex Corporation, as opposed to Godwin, to Quine. The documents submitted with the "Objections to Form of Judgment" were never entered into evidence and cannot be viewed as raising a defense which was not argued at trial.

3. The Quines were originally represented by counsel who filed their complaint in Yuma County Superior Court in February 1976. This counsel withdrew prior to trial on February 1, 1979.

4. Civil Rule 7(b)(2) makes clear that the requirements of Civil Rule 10 apply to papers containing Rule 8(d) affirmative defenses and avoidances.

Therefore, for the foregoing reasons we conclude that appellant's defense of corporate liability was not properly raised in the trial and thus may not provide a basis for relief on appeal. Moreover, appellant's claim that judgment should have been rendered against Beetex Supply Company is groundless. Because Beetex Supply Company was not a party to this lawsuit, the trial court was without jurisdiction to render judgment against it.

Godwin next argues that the court abused its discretion in awarding treble the wages claimed due Quine. The text of A.R.S. § 23–355 at all times relevant to this action read as follows:

§ 23–355 Action by employee to recover wages; amount of recovery.

If an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages, together with costs and reasonable attorneys' fees to be allowed by the court on the basis of time and effort expended by counsel in behalf of the plaintiff-employee.[5]

A.R.S. § 23–355 was interpreted by this court in *Apache East, Inc. v. Wiegand,* 119 Ariz. 308, 312–13, 580 P.2d 769, 773–74 (App.1978), where we stated:

It is our opinion that the treble damages provision authorized by the legislature in § 23–355 was directed against employers who seek to delay payment of wages without reasonable justification or who seek to defraud employees of wages earned. We further believe it was the intent of the legislature, when it used the term "may," to leave discretion in the courts in determining when this penalty should be imposed. The treble damages penalty should not be awarded when there is a reasonable good faith wage dispute between the employer and the employee.

As a policy matter this appears just to all parties. If there is a dispute over unpaid wages the employer acts at his peril and the court in its discretion may award treble damages when the withholding was unreasonable and there was no good faith wage dispute. However, there are some wage disputes when the issue may involve a valid close question of law or fact which should properly be decided by the courts. We do not believe the legislature intended to deter the litigation of reasonable good faith wage disputes; we do believe the legislature intended to punish the employer who forces the employee to resort to the courts in an unreasonable or bad faith wage dispute.

*Apache East* established that unpaid wages should be trebled if the employer either seeks to delay payment without "reasonable justification" or seeks to defraud employees of wages earned. Unpaid wages should not be trebled in good-faith wage disputes.

Since an award of treble damages is discretionary, we must examine the record to determine if the trial court abused is discretion in applying the treble damage provisions of § 23–355.

In these proceedings there was disputed testimony which was decided adversely to Godwin by the trial court. The factual question concerning the reasonableness and good faith of Godwin in refusing to pay Quine for the work he performed is reviewable by a substantial evidence standard. *Concrete Machinery & Supply Co. v. Waara,* 42 Ariz. 512, 27 P.2d 682 (1933); *Jackson v. Clintsman,* 91 Ariz. 314, 372 P.2d 204 (1962).

Viewing the evidence in a light most favorable to sustaining the trier of fact, we find this was not a reasonable good faith wage dispute. At trial, Godwin first raised the defense that appellee did not do the work set out in his complaint. Second, he asserted he had paid for the work, but no evidence was offered at trial to support this defense. In addition, evidence was admitted by Quine that Godwin offered to make

5. A.R.S. § 23–355 (1973), amended by Laws 1980, ch. 202, § 6.

**414**

payments on a lot as compensation for the work Quine had performed, however, Godwin failed to make even a single payment on the lot. Then with payments on the lot past due, Godwin advertised the lot in Quine's name without his permission. We find that this evidence provides a sufficient basis for the trial court to have concluded that Godwin's actions constituted an unreasonable and bad faith attempt to avoid paying Quine for the work he performed. The award of treble the amount of unpaid wages was not an abuse of the trial court's discretion and is affirmed.

Godwin's request that attorneys' fees be awarded on this appeal is granted pursuant to A.R.S. § 23–355.

■ We are unconvinced by Godwin's suggestion that because Quine is now represented by Community Legal Services, an award of attorneys' fees would be inappropriate. Godwin's suggestion runs counter to the statutory purpose. As stated in *Rodriguez v. Taylor,* 569 F.2d 1231, 1245 (3d Cir. 1977):

> The award of fees to legal aid offices and other groups furnishing *pro bono publico* representation promotes the enforcement of the underlying statutes as much as an award to privately retained counsel. Legal service organizations often must ration their limited financial and manpower resources. Allowing them to recover fees enhances their capabilities to assist in the enforcement of congressionally favored individual rights. [citations omitted]. Moreover, assessing fees against defendants in all circumstances may deter wrongdoing in the first place.

Although *Rodriguez* concerned an award of attorneys' fees pursuant to the Civil Rights Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988, we find the reasoning in *Rodriguez* to be apropos here. The provisions in A.R.S. § 23–355 allowing an award of treble the amount of the unpaid wages, together with costs and reasonable attorneys' fees were intended to encourage the settlement of wage disputes and to deter employers who force the employee to resort to the courts in an unreasonable or bad

faith wage dispute. *Apache East,* 580 P.2d at 774. This statutory purpose is promoted to the same extent whether the award of legal fees is made to a privately retained or a legal aid attorney.

A statement of attorneys' fees incurred by Quine in this appeal and any objections thereto should be submitted to this court pursuant to Appellate Rule 21.

The decision of the trial court is affirmed and the attorneys' fees are awarded to the appellee on appeal.

OGG and McFATE, JJ., concur.

NOTE: The Honorable YALE McFATE, a retired judge of a court of record was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 20.