NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SARAH R. SAVAGE, *Petitioner/Appellant*,

*v.*

GARY GERARD CRIPPA, *Respondent/Appellee*.

No. 1 CA-CV 17-0659
FILED 10-25-2018

Appeal from the Superior Court in Maricopa County
No.  CV2017-053518
The Honorable Steven K. Holding, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

S. Alan Cook PC, Phoenix
By S. Alan Cook, Sharon Ottenberg
*Counsel for Petitioner/Appellant*

Law Offices of Karla L. Calahan, Scottsdale
By Karla Lynn Calahan
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1        Sarah Savage ("Mother") appeals the trial court's order denying a name change for her nine-year-old daughter, K.C., and the subsequent denial of her motion for a new trial and sanctions. For the following reasons, we vacate the trial court's orders and remand the matter for a new trial.

**FACTS AND PROCEDURAL HISTORY**

¶2        In June 2017, Mother applied to change K.C.'s name by adding Mother's last name before the child's current last name, Crippa. Mother requested the change because  (1) she wanted K.C. to feel more like a part of her family, (2) K.C. had a poor image of Mother and Mother's family because of "domestic violence issues and continuous court litigatio[n]" with Gary Crippa ("Father"), (3) K.C. had requested the change several times, and (4) the change "would make things easier for doctor visits[.]" Although Father received notice of the hearing on the application, the certificate of service did not state that he received a copy of the application. Regardless, both parties were present for the hearing. About 20 minutes before the hearing began, Father electronically filed an objection to the application but did not bring Mother a copy of the objection.

¶3        Mother testified that K.C. had asked to add Mother's last name to hers so that she would feel more like a part of Mother's family. The court asked Father's counsel about Father's position on the application, and counsel replied that Father objected to the name change. His counsel asserted that Father had spent over $100,000 in a custody battle over the last four years, the parties had almost equal parenting time, Father believed that K.C. did not request the name change, and K.C. had bonded with her siblings and Father. When asked for anything further, Mother added that K.C. wanted to have the same last name as her younger sister. At the hearing's conclusion, the court stated that "[t]his is one of those unique situations [] where it's intermeshed into family court and . . . a civil application. This Court will not get involved in a family court matter and

2

will not fuel either side." In its written order denying Mother's request to change K.C.'s name, the court specifically found that the application was "being used as leverage in the family court matter and a change of [K.C.'s] name . . . would only cause more disharmony."

¶4          Mother timely moved for a new trial and sanctions. She argued, *inter alia*, that the record did not contain substantial evidence to support the trial court's order. She also asked the court to impose sanctions against Father and his counsel because Father did not serve her with the objection and his allegations in the objection and at the hearing were false, which required her to file the motion for new trial to rectify. The trial court denied Mother's motion, and she appealed to this Court from the denial of the application and the motion for a new trial and sanctions.[1]

## DISCUSSION

### 1. Denial of Name Change Application

¶5          Mother argues that the trial court abused its discretion by denying her request to add her last name to K.C.'s name. A trial court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, reaches a conclusion without considering the evidence, commits some other substantial error of law, or the record fails to provide substantial evidence to support the court's conclusion. *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50 ¶ 27 (App. 2007).

¶6          Under A.R.S. § 12–601(B), a parent may apply to change a minor child's name; the court ruling on the application must "consider the best interests of the minor[.]" The parent seeking the name change has the burden to show that the change is in the child's best interests. *See Laks v. Laks*, 25 Ariz. App. 58, 61 (1975). In making its ruling, the trial court is not required to expressly find that the grant or denial of a name change is in the child's best interests unless the applicant so requests. *Pizziconi v. Yarbrough*, 177 Ariz. 422, 425–26 (App. 1993). This Court will assume that a trial court has found every controverted issue of fact necessary to sustain its decision on a name change application, and the judgment will be upheld if reasonable evidence supports it. *Id.* at 426.

¶7          Here, Mother did not request a best interests finding, so the court did not need to expressly state that it found that denying the name

---

[1]          This Court stayed Mother's appeal because the trial court did not sign the order denying the name change. The trial court subsequently signed the order and the appeal was reinstated.

change was in K.C.'s best interests. *See id.* at 425–26. Nevertheless, the trial court found that Mother was using the application as leverage in a family court matter and that a name change would "only cause more disharmony." Because the court made this finding, we must determine if substantial evidence in the record supported the court's conclusion.

**¶8** The record does not support the trial court's finding. First, beyond Mother's verified application, the only evidence presented at the hearing was Mother's testimony because Father did not testify, and his filed objection and counsel's statements at the hearing were not evidence. *See Quine v. Godwin*, 132 Ariz. 409, 412 (App. 1982) (noting that arguments made by counsel are not evidence). Second, the only evidence in the record at the time of the hearing concerning a potential family court issue was a reference in Mother's application for the name change citing "domestic violence issues and continuous court litigatio[n]." This single reference is insufficient to indicate whether a matter was still pending in the family court. Even if a family court matter was pending, the reference does not demonstrate that a name change would be used as leverage in that other matter. Third, although Mother's motion for a new trial and sanctions attached a 2014 family court order issued by the commissioner who ruled in this case, no evidence was introduced to show that the commissioner had current knowledge of the parties' status in the family court or if any issues even remained in the family court. Last, the record is devoid of any evidence showing how a name change would result in "more disharmony" for the family. Thus, the trial court abused its discretion by denying the name change based on the rationales it stated on the record and in its order.

**¶9** Mother also argues that the trial court abused its discretion by denying her motion for a new trial and sanctions. We review a trial court's denial of a motion for a new trial for an abuse of discretion. *Dawson v. Withycombe*, 216 Ariz. 84, 95 ¶ 25 (App. 2007). We also review a trial court's decision on sanctions for an abuse of discretion. *Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 630 ¶ 42 (App. 2006). By vacating the order denying the name change, we need not address the merits of the motion for a new trial. Regarding Mother's request for sanctions, however, the record does not show that Father and his counsel engaged in any actions warranting sanctions. Thus, the court did not abuse its discretion by declining to impose Mother's requested sanctions.

**¶10** Mother asks this Court to direct the trial court to add "Savage" to K.C.'s name. We decline the request because whether the name should be changed depends on the child's best interests, a factual determination for the trial court. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203

Ariz. 278, 282 ¶ 13 (App. 2002) ("Whether severance is in the child's best interests is a question of fact for the juvenile court to determine."). Therefore, we vacate the order and remand for a new trial.

## 2. Attorneys' Fees on Appeal

**¶11** Father requests attorneys' fees and costs incurred on appeal, citing A.R.S. §§ 25–324 and 12–341. The former statute applies in dissolution matters, not to a separately filed request for a name change. The latter statute allows costs to a prevailing party, but Father is not the prevailing party, and thus, his request is denied. Mother requests attorneys' fees and costs under A.R.S. § 12–342 and Arizona Rules of Civil Appellate Procedure ("ARCAP") 21 and 25.[2] We deny her request for fees under ARCAP 21 because she did not cite a statute, rule, or other substantive authority for her request. *See* ARCAP 21(a)(2) ("A claim for fees under this Rule must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees."). Because Mother cites only A.R.S. § 12–342, which addresses costs but not attorneys' fees, she is not entitled to attorneys' fees under ARCAP 21. Mother also seeks fees as a sanction under ARCAP 25, asserting Father's answering brief is based on "facts that are not part of the trial record" and contains "unfounded arguments." In an exercise of discretion, we decline to impose sanctions under ARCAP 25, but we award Mother her costs on appeal upon her compliance with ARCAP 21.

---

[2] During Mother's appeal, she filed a separate motion seeking attorneys' fees and costs under the same statute and rules. Because this decision addresses her requested attorneys' fees and costs, Mother's motion is denied as moot.

## CONCLUSION

¶12 For the foregoing reasons, we vacate the trial court's order and remand for a new trial.



AMY M. WOOD • Clerk of the Court
FILED:  AA